**Richard Donald COSTELLO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17213.

United States Court of Appeals
Ninth Circuit.

Jan. 10, 1962.

George Olshausen, San Francisco, Cal., for appellant.

Warren C. Colver, U. S. Atty., Anchorage, Joseph H. Shortell, Jr., Asst. U. S. Atty.; Fairbanks, Alaska, for appellee.

Before ORR, HAMLEY and DUNIWAY, Circuit Judges.

ORR, Circuit Judge.

Appellant Costello was allegedly engaged in the narcotics "racket" in Alaska. He was arrested, tried before a jury and found guilty. He now challenges the validity of the judgment of conviction on the ground that he was subjected to an illegal search and seizure during

which two packets of marijuana cigarettes were seized and later introduced into evidence. One of the packages was taken from his person at the time of his arrest and the other was thrown by appellant to the floor of his small public office during the process of the arrest.

The two main contentions with which we are presently concerned are: First, that the search during which the marijuana was discovered was not incident to a lawful arrest on a valid warrant; second, that the officers at the time the arrest was made did not have probable cause to believe that appellant was in possession of marijuana, and that the court in testing that question on the motion to suppress erred in refusing, after appellant requested it, to require the government to disclose the name of an alleged informant on whose "tip" the probable cause was said to be based.

This case is, in essential factual respects, very similar to the case of Taglavore v. United States, 9 Cir., 291 F.2d 262, recently decided by this court. In the Taglavore case we held that the procurement of a warrant for a traffic violation was under the circumstances there shown a mere sham and subterfuge and did not authorize the narcotics search. The government concedes that the Taglavore case precludes its reliance on the traffic warrant in this case as authority for this arrest and search.

At the hearing on the motion to suppress it was shown that five officers were present at the arrest, search and seizure. Appellant resisted; force was employed to the extent that appellant was struck on the head with the policemen's side-arms and became so saturated with blood that the jailers refused to admit him when he was presented for incarceration. The trial court denied the motion to suppress and found that the arrest was lawful and the search reasonable.

■ It is now settled that a search made incident to a valid arrest may be reasonable though made without a warrant. The case establishing this proposition is closely analogous to the present one, and the reasons given for sustaining the validity of the search there are fully applicable here:

"(1) the search and seizure were incident to a valid arrest; (2) the place of the search was a business room to which the public, including the officers, was invited;[1] (3) the room was small and under the immediate and complete control of the [appellant]; (4) the search did not extend beyond the room used for unlawful purposes; (5) the [concealment of the drug under these circumstances] was a crime * * *". United States v. Rabinowitz, 339 U.S. 56, 64, 70 S.Ct. 430, 434, 94 L.Ed. 653 (1950). Indeed, in the instant case, there was not a typical "search" of the room, but only of appellant's person, since the first packet, which was retrieved from the floor, had been disclosed by appellant himself.

■ Nor were the arrest and search rendered invalid because of the use of force. The officers were on warning that appellant might forcibly resist arrest.[2] This expectation was confirmed when, without provocation other than the very announcement of arrest, appellant charged and began to grapple with the officers in an effort to escape. The officers were justified in using such force as under the circumstances was reasonably necessary to effect the arrest or prevent the escape of appellant. Stinnett v. Commonwealth of Virginia, 55 F.2d 644, 645 (4th Cir. 1932). "When the state sends an officer forth to arrest a felon, she says to him to make the arrest peaceably if he can, forcibly if he must." 55 F.2d at 647.

■ But in the instant case, before the search could be authorized there

---

1. They were surely not expressly invited for this occasion by Costello, however, and he undoubtedly would warmly dispute the presumption. (Footnote not in original.)

2. The local authorities had previously received an FBI report of a stateside arrest of Costello in which he had assaulted the arresting officer and had offered substantial resistance to being taken into custody.

must have existed probable cause for the arrest. As a basis for probable cause, the government relies principally upon an alleged "tip" received by one of the arresting officers immediately prior to the arrest. This "tip," that "Dick has it in right and left pockets," is said to have come from a confidential informant and to have been relayed by radio to the arresting officers at the scene prior to the arrest. The "tip," if reliable, was sufficient to establish probable cause. Draper v. United States, 358 U.S. 307, 79 S. Ct. 329, 3 L.Ed.2d 327 (1958).

■ "Probable cause" has been defined as "facts and circumstances * * such as to warrant a man of prudence and caution in believing that the offense has been committed * * *" Locke v. United States, 7 Cranch 339, 3 L.Ed. 364 (1813), Carroll v. United States, 267 U. S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The alleged "tip," upon which virtually sole reliance is here placed, would, if reliable, have warranted a man of prudence and caution in believing that a narcotics offense had been committed, but the reliability of the informant is the controlling factor.

■ All the cases in which a "tip" has been heavily relied upon to establish probable cause have stressed the need for "a substantial basis for crediting the hearsay," Jones v. United States, 362 U. S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960), or a record of "accurate and reliable information," Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329 (1958); in short, "a previously reliable informant," Espinoza v. United States, 278 F.2d 802 (5th Cir. 1960). Prudent and cautious men would not act in so decisive a fashion in reliance on an uncorroborated anonymous caller, and there is nothing in this record to show that the present informant was anything more than that.[3]

The so-called "informer's privilege," invoked to prevent disclosure of the identity of an informant, has been established in recognition of the need by law enforcement officials for sources of citizen information which will remain available only with some assurance of freedom from coercion or retaliation by persons ultimately brought to justice as the result of a "tip." This "privilege" is not absolute, however, and occasionally the price of invoking it will be the dismissal of a case because of the inadmissibility of evidence, the source of which is not subject to challenge due to the invocation of the "privilege." The "privilege" must give way when a challenge of the informant is essential to the proper disposition of the case. The determination of the validity of an arrest, search and seizure is essential to such a disposition. Wilson v. United States, 59 F.2d 390, 392 (3d Cir. 1932). The Wilson case was cited approvingly by the United States Supreme Court in Roviaro v. United States, 353 U.S. 53, 61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957) in support of the following language:

"Most of the federal cases involving this [fairness] limitation on the scope of the informer's privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication." [4]

■ The customary check imposed upon arrest, search and seizure is the advance judicial check by the magistrate called upon to issue warrants. This check must occasionally yield to the necessity of quick action, in which case the magistrate's pre-arrest judgment is momentarily delegated to the enforce-

3. We need not labor the point that the ultimate corroboration provide by the fruits of the search cannot be used retroactively to justify the arrest. Johnson v. United States, 333 U.S. 10, 16, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

4. See also United States v. Keown, 19 F. Supp. 639 (W.D.Ky.1937), United States v. Blich, 45 F.2d 627 (D.Wyo.1930), and discussion by Judge Bazelon in Jones v. United States, 105 U.S.App.D.C. 326, 266 F.2d 924, 927–930 (D.C.Cir.1959) and authorities there cited.

ment officer who evaluates his basis for probable cause. The courts then exercise a post-arrest check on the actual existence of that probable cause. This latter check would not be effective if it looked no further than the uncorroborated tip of an anonymous informant. To stop the inquiry there, would be to delegate the usual advance judicial check not to the enforcement officer, but to the informant, and all with no ultimate judicial check whatever. This cannot be done. Whether the issuance of a warrant by a magistrate at the pre-arrest hearing in primary reliance upon a tip would be proper, we need not decide, for other inherent safeguards present at such a hearing are obviously not present in a situation such as the instant one. See Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). It is enough to observe that in this situation, a reasonable opportunity for the appellant to challenge the reliability of the informant must be permitted on the motion to suppress, or no real judicial check would ever take place. The refusal of the trial court, upon appellant's request, to require disclosure of the name of the informant under these circumstances was error.

The error occurring at the hearing of the motion, the question arises as to what form of relief should be afforded appellant. It is evident that the need for a grant of a new trial is dependent upon the ultimate finding on the existence of probable cause for the arrest, search and seizure, after a hearing on the motion free from the error we have pointed out. If after further hearing the court finds that the informant was in fact reliable, then the evidence seized was properly admitted at the original trial. On the other hand, if the government does not disclose the identity of the informant, or if it does so, and the court finds him unreliable, then the disputed evidence should have been suppressed, and a new trial should be granted.

Accordingly, we vacate the judgment and remand the case to the District Court for a hearing confined to the re-liability of the informant as it relates to the issue of probable cause for the arrest. The District Court shall make findings of fact on that issue. If that court finds the informant reliable and that probable cause is therefore established, it shall enter a new final judgment based upon the record as supplemented by its further findings, thereby preserving to appellant the right to further appellate review. If, on the other hand, disclosure of the informant's identity is not forthcoming, or if the court finds the informant unreliable, it shall grant appellant a new trial. This procedure will fully safeguard appellant's rights. It has been repeatedly followed by the United States Supreme Court in like cases. See Killian v. United States, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961); Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); and United States v. Shotwell Mfg. Co., 355 U.S. 233, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957).

The case is remanded for further proceedings consistent with this opinion.