Salvador Marquez GONZALEZ and Frank Bravo Lopez, Appellants,

v.

UNITED STATES of America,

No. 18583.

United States Court of Appeals
Ninth Circuit.

Oct. 10, 1963.

four defendants were joined in the first or conspiracy count; Gonzalez in substantive counts 4, 5, 6 and 13, and Lopez in substantive counts 4, 5, 6, 7, 8, 9, 10, 11 and 12. A jury trial was had. Roberts was found guilty on six counts, but was granted a new trial. Gonzalez was found guilty of all five counts. Lopez was found guilty of all ten. Rosen was dismissed from the case. Appellant Lopez was sentenced to five years on each count, and Gonzalez to ten years on each count, such sentences to run concurrently.

The charges involved five separate transactions with respect to sale, concealment or possession of the following seven amounts of marijuana, namely:

(1) Two cigarettes on December 6, 1961, marked Exhibit 1;

(2) One kilo (two kilogram blocks) on December 8, 1961, marked Exhibit 2;

(3) One and one-half pounds on January 14, 1962;

(4) Six hundred and twenty-four grams, two hundred and thirty-five milligrams, on April 7, 1962, marked Exhibit 3;

(5) Seventy-five milligrams on April 7, 1962, marked Exhibit 4;

(6) Two marijuana cigarettes on April 7, 1962, marked Exhibit 5; and

(7) Twenty-five milligrams on April 7, 1962, marked Exhibit 6.

Items 4, 5 and 6 (Exhibits 3, 4 and 5) were taken from Lopez' house or automobile; item 7 (Exhibit 6) from Gonzalez' automobile.

The sole ground for reversal is insufficiency of the evidence. Appellants state:

"It is the position of appellants that the only evidence in the entire record proving the allegations of the indictment is based upon the testimony of Julius Rosen, *except as to counts X, XI and XII as against Lopez and count XIII as to Gonzalez.*" (Emphasis added.)

Counsel for appellants then castigate codefendant Rosen, stating he "was impeached in almost every way that a witness could be impeached under the law."

Harley E. Kempley, Los Angeles, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, and A. Robert Throckmorton, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and PENCE, District Judge.

BARNES, Circuit Judge.

By an amended indictment containing thirteen counts, defendants Roberts, Rosen, Gonzalez and Lopez were variously charged with the illegal possession, concealment or sale, and a conspiracy to possess, conceal or sell, marijuana. All

We agree. *But if we entirely disregard Rosen's testimony, we have the Lopez conviction on counts X, XI and XII and Gonzalez' on XIII remaining*—based on the April 7, 1962 arrests and searches, *unaffected* by Rosen's credibility, or the lack of it.

Nowhere does appellants' counsel discuss the evidence relating to counts X to XIII, inclusive, nor raise any question as to its relevancy, materiality or sufficiency. We assume that Rosen is not involved in such counts, as he is not named in them, and appellants' counsel has not referred to any evidence that he was.

However, from an abundance of precaution, we have carefully examined the evidence in the record and find such an assumption on our part would be correct. The marijuana involved in counts X to XIII, inclusive, was found by the police in their search of Lopez' house and his automobile; and in the search of Gonzalez' automobile. The two cigarettes (Exhibit 5) were discovered in Lopez' watch case. Defendant Lopez' counsel offered to stipulate that Lopez had two cigarettes and two pounds of marijuana in his home on April 7, 1962 (Tr. p. 211), the day of arrest. Exhibit 4, marijuana, was found in Lopez' automobile (Tr. pp. 212–213). This was the testimony of Officer Cook, (Tr. pp. 209–215). Officer Keeney testified as to Exhibits 3 and 6, taken from Gonzalez' automobile, and Officer Budges, as to Exhibit 6. To summarize, Rosen the witness here attacked as unworthy of belief, had *nothing* to do with the marijuana disclosed in Exhibits 4, 5 and 6!

■■ There being evidence to support the conviction of defendants on what might be called the "non-Rosen counts," we need go no further in our examination of the record. Defendants each received the same sentence on their conviction on each respective count. Rosen's testimony as to counts I to IX, inclusive, is immaterial as to counts X to XIII, inclusive. Counts X to XIII, inclusive, are severally sufficient to support the verdict. Claassen v. United States, 1891, 142 U.S. 140, 146–147, 12 S.Ct. 169, 35 L.Ed. 966; Sinclair v. United States, 1918, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692; Wilson v. United States, 9 Cir., 1963, 316 F.2d 213, 214; King v. United States, 9 Cir., 1960, 279 F.2d 342, 344.

Affirmed.