**Robert Edward TOOHEY, Appellant,**

v.

**The UNITED STATES of America, Appellee.**

**No. 22774.**

United States Court of Appeals Ninth Circuit.

Dec. 26, 1968.

---

9. See Hunt v. United States, 5 Cir., 1968, 400 F.2d 306 [August 19, 1968].

Donald C. Carroll (argued), San Francisco, Cal., for appellant.

Ronald S. Morrow (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and CROCKER, District Judge.

CROCKER, District Judge:

Appellant was convicted of transporting a stolen motor vehicle in interstate commerce and concealing and storing the same.

In the early afternoon of March 30, 1966, Sergeant Francis M. Wheeling of the L.A.P.D. received word from an informant that a stolen 1965 red Thunderbird convertible with a black top would arrive at the Golden Lion Bar at approximately 9:00 p. m. that night. The car would have Massachusetts license plates and one of the occupants would be Robert Schroeter, alias Red Kelley, who was known to Sgt. Wheeling. The driver would be a slender, dark-complected male Caucasian who was from San Francisco.

Approximately 9:00 p. m. on March 30, 1966, near the Golden Lion Bar, Sergeant Wheeling, along with other officers of the Los Angeles Police Department, observed appellant drive and park a vehicle matching the description given by the informant, with Red Kelley in the car. Sgt. Wheeling stopped his car in front of the vehicle and approached the driver, appellant Toohey. The following colloquy took place:

1. Wheeling asked the appellant for his operator's license [R.T. 22].

2. The appellant said, "I don't have one." [R.T. 22].

3. Wheeling asked Toohey for his registration on the vehicle [R.T. 22].

4. Toohey said, "No." [R.T. 23].

5. Wheeling asked Toohey to whom the car belonged [R.T. 23].

6. Toohey said, "I don't know." [R.T. 23].

7. Wheeling asked where he got the car [R.T. 23].

8. Toohey said that he borrowed it from "[s]ome guy in a bar named Jerry" [R.T. 23].

9. Wheeling asked, "What bar?" [R.T. 23].

10. The appellant said, "I don't remember." [R.T. 23].

11. Wheeling asked for Jerry's last name [R.T. 23].

12. Toohey said, "I don't know." [R.T. 23].

13. Wheeling asked where the bar was located.

14. Toohey said, "Somewhere in Hollywood. I don't know exactly." [R.T. 23].

At that time Sgt. Wheeling told Toohey to get out of the car and place his hands on top of the car as he was under arrest. Sgt. Wheeling then advised Toohey that he had a right to remain silent, anything he said could be used against him in a legal proceeding, and he was entitled to an attorney prior to making any statement. Toohey said that he understood his rights.

■ It is the appellant's first contention that there was no probable cause for the arrest and there was an illegal search and seizure.

It is our opinion that in view of all the information in the possession of the police that their actions were reasonable under the circumstances and that probable cause existed for the arrest and that the search and seizure were legal.

■ The information received by the police had come from an informant whose reliability had been verified and vouched for on numerous occasions, and in particular was verified when the described car appeared at the predicted time with the predicted occupants. This was sufficient to constitute probable cause. Draper v. United States, 358 U.S. 307, 79

S.Ct. 329, 3 L.Ed.2d 327 (1959). The only possible question was the adequacy of the identification of appellant as the second probable participant in the offense. In these circumstances, nothing in the Constitution prevented the police from briefly detaining appellant for the purpose of appropriate inquiry. Terry v. Ohio, 392 U.S. 1, 22–23, 88 S.Ct. 1868, 20 L.Ed.2d 889. Appellant's evasive and probably false answers to Sgt. Wheeling's questions were sufficient to implicate appellant and, together with the other information available to the officer, provided probable cause for his arrest.

■ Appellant next contends that the vehicle identification number was not admissible in evidence because F.B.I. Agent Gerald Moore did not have a search warrant when he obtained the number from the car.

At the time of the arrest, the vehicle in question was impounded by the Los Angeles County Sheriff's Office, and as a part of the impounding procedure Michael Moore wrote down the vehicle identification number on his impound sheet. Prior to that Sgt. Wheeling wrote down the same number contemporaneously with the arrest. In any event, on April 1, 1966, Special Agent Gerald Moore, of the F.B.I., was provided with the number by Sergeant James Heinsdorff of the L.A.P.D. Burglary-Auto Theft Detail. On April 5, 1966, Agent Moore, of the F.B.I., went to the impound lot and, without a search warrant, took down the number again.

Assuming arguendo, that Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), makes Gerald Moore's obtaining of the number from the car illegal, the number could have been obtained from legally independent sources—the search at the time of arrest and the impound report. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962); Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). Even if Moore's obtaining the number was wrong, the number itself was admissible.

■ Appellant's next contention is that it was error for the lower court not to have granted the motion to disclose the identity of the informer. Appellant argues that where the issue is probable cause for arrest, and where there is no independent evidence to corroborate the informer's advice, disclosure is required. Roviaro v. United States, 353 U.S. 53, 61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957), said:

"Most of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication."

■ It is the law of this Circuit that the trial judge has discretion in revealing the name of an informant. Costello v. United States, 298 F.2d 99 (9th Cir. 1962); Newcomb v. United States, 327 F.2d 649 (9th Cir. 1964). As *Costello* points out, the question is whether or not, without the informant, the prosecution can demonstrate that they had probable cause and the right to rely on such information. Many of the cases in which a "tip" has been heavily relied upon to establish probable cause have stressed the need for "a substantial basis for crediting the hearsay," Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L. Ed.2d 697 (1960), or a record of "accurate and reliable information," Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); in short, "a previously reliable informant," Espinoza v. United States, 278 F.2d 802 (5th Cir. 1960). That this informant was reliable was established by the testimony of Sgt. Wheeling.

Appellant contends that he was entitled to know the name of the informer because of "his own participation in the offense." On the issue of participation

in the commission of the offense, this Circuit has not required the disclosure where the informer "was admittedly neither a participant in, nor a witness to," the crime. Alexander v. United States, 362 F.2d 379, 383 (9th Cir. 1966).

In *Roviaro,* the informant had played a direct and prominent part, as the sole party with the accused, in the very offense for which the latter was convicted. Necessity for disclosure depends on the "particular circumstances of each case, taking into consideration the crime charged, the possible defense, the possible significance of the informer's testimony, and other relevant factors." In the case at hand, appellant offers no proof of such participation other than "the informer had been offered the car in sale by the appellant." Such argument overlooks the fact that the offense charged is transportation and concealment, not disposition. Therefore, it was proper for the lower court to have denied the motion to disclose the identity of the informer.

The appellant's last contention is that it was error for the lower court not to have suppressed witnesses and evidence secured through statements given by appellant without adequate warnings of his constitutional rights. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602 (1966).

The arrest in the instant case took place on March 30, 1966, and at that time Sgt. Wheeling advised Toohey of his rights. When the F.B.I. interviewed Toohey on April 4, 1966, there was an ineffective advisement of the rights afforded an accused. During this interview the F.B.I. obtained the appellant's address. Previously, the local police had obtained the appellant's address as part of the normal booking procedure on March 30. In any event, the F.B.I. went to the address in a routine neighborhood canvass and eventually located Mrs. Harris and Mrs. Kitzler who testified on behalf of the Government. The address, if tainted, is still admissible because it could have been secured from a legally

independent source—the records of the police when they booked the appellant which occurred prior to the ineffective warning required by *Miranda.*

Affirmed.