**Norvin E. POWELL, III, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22556.**

United States Court of Appeals Ninth Circuit.

Dec. 24, 1969.

Robert Yonts (argued), Santa Cruz, Cal., John R. Carroll, San Jose, Cal., for appellant.

Henry I. Novak, Jr. (argued), James E. Shekoyan, Robert L. Brosio, Asst. U. S. Attys., Wm. M. Byrne, Jr., U. S. Atty., for appellee.

Before HAMLEY, HAMLIN and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

On May 18, 1966, a six-count indictment was filed against Norvin Ethan Powell. Counts I, II, IV, and V charged Powell with transporting and selling marihuana on two occasions in violation of 21 U.S.C. § 176a (1964).[1]  Counts

---

1. Section 176a provides, in pertinent part:
   "[W]hoever * * * receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing

III and VI charged him with transferring the marihuana on both occasions without the required written order form from the transferee, contrary to 26 U.S.C. § 4742(a) (1964).[2]

Following a trial before a jury, Powell was found guilty on all counts. He was sentenced to imprisonment for five years on each, the sentences to run concurrently. On appeal, Powell assigns error to the denial of his pretrial motion for a continuance and the court's failure to find entrapment as a matter of law. He also contends that the evidence was insufficient to support his conviction on all counts. In addition, he raises several arguments which we have considered and found to be without merit. These latter arguments are set forth in the margin.[3]

## 1. MOTION FOR CONTINUANCE:

Powell was arraigned on May 31, 1966, at which time counsel was appointed to represent him. On June 21, 1966, a day after the case was originally set for trial, defendant appeared with retained counsel and requested a continuance on the ground that there were four witnesses, two in Mexico and two in Europe, who could not be located. Powell, through his counsel, stated that the witnesses would testify that they had purchased narcotics from the government's informer, who was to testify at trial, and that they knew him to be a narcotics dealer. The court denied the motion.

The granting of a continuance to procure an absent witness rests in the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse. Evalt v. United States, 382 F.2d 424, 427 (9th Cir. 1967). Here the proferred testimony related only to a collateral matter and a matter which was not really in dispute throughout the trial. Moreover, there was no showing that the witnesses could be located within a reasonable time or that they would, in fact, be willing to return to the United States and testify that they purchased narcotics from the informant. In light of the above circumstances, we are unable to say that the court abused its discretion in denying the defendant's pretrial motion for a continuance.

## 2. ENTRAPMENT:

The record reveals that in April 1965, LeRoy C. Dukes was arrested on a charge of smuggling heroin into the United States. Following his arrest, Dukes agreed to cooperate with the Federal Bureau of Narcotics. Asked if he was promised anything in return for his cooperation, Dukes testified:

"I was not promised anything. I talked to my lawyer and my lawyer talked to responsible people and I believed I would be given consideration for cooperating."

The Government did not attempt to rebut this testimony.

the same to have been imported or brought into the United States contrary to law * * * shall be imprisoned * * *.

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

2. Section 4742(a) provides, in pertinent part:

"It shall be unlawful for any person * * * to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

3. Powell contends that the court erred in commenting on a defense witness's testimony; that the court erred in "cross-examining" Powell when he took the witness stand; and that the court erred in advertently instructing the jury on a crime which was not included in the indictment. No objection was taken to any of these alleged errors and the error, if any, was harmless.

Subsequently, it was Dukes who introduced an undercover agent to Powell and the undercover agent then purchased the marihuana from Powell on the two occasions charged in the indictment.

Powell's defense at trial was entrapment. He claimed that he was duped or forced to sell the marihuana to the undercover agent by Dukes. The agent testified, however, that when he went to Powell's home for the first purchase, Powell stated that he had connections for heroin and pot. The agent also testified that on the date of the second purchase, Powell was smoking a marihuana cigar when he and Dukes arrived at the house.

■ In view of the above evidence, as testified to by the agent, we hold that there was sufficient evidence to permit the jury to find that Powell was ready and willing to commit the crimes charged in the indictment and that the Government merely provided the opportunity therefor. See Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

■■ When the issue of entrapment is presented and there is a conflict in the evidence and credibility factors are involved, it is for the trier of fact to determine whether the accused is an unwary innocent or an unwary criminal. Matysek v. United States, 321 F.2d 246, 248 (9th Cir. 1963); Walker v. United States, 298 F.2d 217, 225 (9th Cir. 1962). Although the use by the Government of an informer while there is pending against him serious charges of narcotic violations which might result in a long penitentiary sentence has been condemned (See Matysek v. United States, *supra*, 321 F.2d at 249.), we cannot find entrapment as a matter of law.

3. SUFFICIENCY OF EVIDENCE:

■■ Under the two counts charging violations of 26 U.S.C. § 4742(a), the Government was required to show that the defendant transferred marihuana without receiving a written order from the transferee on a form issued by the Secretary of the Treasury. Here the undercover agent testified that he purchased the marihuana from Powell on the two occasions alleged in the indictment and did not give Powell the required order form. This was sufficient to support Powell's conviction on those two counts. Furthermore, the Fifth Amendment protection against self-incrimination is not available as a defense for failing to receive a written order form from the transferee. Minor v. United States, and Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (decided Dec. 8, 1969).

■ Powell was given concurrent sentences on all six counts. Since we find that the convictions on Counts III and VI are valid, we need not consider the effect of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), on the remaining counts. Gonzalez v. United States, 324 F.2d 223, 225 (9th Cir. 1963).

Affirmed.