. **UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**John Alfred HAMILTON, Defendant,**
**Appellant.**

**No. 73–2124.**

United States Court of Appeals,
Ninth Circuit.

Jan. 2, 1974.

Rehearing Denied March 18, 1974.

Choy, Circuit Judge, dissented and filed opinion.

————◆————

Kevin J. McInerney (argued), San Diego, Cal., for defendant, appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Shelby R. Gott (argued), Asst. U. S. Attys., San Diego, Cal., for plaintiff, appellee.

Before ALDRICH,* ELY and CHOY, Circuit Judges.

ALDRICH, Senior Circuit Judge:

Defendant Hamilton, the driver of a Chevrolet pickup truck, was arrested on August 12, 1972, following a successful search of the vehicle for contraband as a result of information supplied to the United States Border Patrol by an informant. After a non-jury trial he was found not guilty of importing, but guilty of possessing the 264 pounds of marijuana found in the truck, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The sole question on defendant's appeal is the legality of the warrantless search.

The same hiatus in the surveillance between the vehicle's apparently lawful entry from Mexico (at 2:30 PM) and its apprehension and the discovery of the marijuana (at 6:30 PM) which required a finding of not guilty on the importation count, makes frivolous the government's claim that the "search was the functional equivalent of a border search." We merely note, in passing, that this is not a case of a

---

* Honorable Bailey Aldrich, United States Senior Circuit Judge, First Circuit, sitting by designation.

short hiatus after suspicion had been aroused. *See, e. g.*, Alexander v. United States, 362 F.2d 379 (9th Cir. 1966), cert. denied, 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439; Leeks v. United States, 356 F.2d 470 (9th Cir. 1966). Even less supportable is the government's extraordinary assertion that the "plain sight" doctrine embraces objects revealed only as a result of entering the truck and lifting a plywood floorboard. It is conceded that until the plywood was raised, exposing a false compartment, no evidence of marijuana was noted, even by smell. As the Court has said many times, the plain view doctrine is applicable only when there has been no prior unjustified intrusion. *See, e. g.*, discussion in Coolidge v. New Hampshire, 403 U.S. 443 (1971).

We turn, therefore, to the district court's finding that the search was supported by probable cause. The facts are these. At about 4:30 PM on the day in question one Fernan, a Border Patrol agent was informed by a previously demonstrated reliable informant that a truck, which he pointed out to him parked across the street from the Customs Agency in Calexico, California, had marijuana concealed in a false compartment in the body bed. If the informant gave Fernan any explanation, source or basis for this information, the government failed to introduce it. Fernan reported by telephone to Walker, a Customs special agent. The precise nature of what was said is important. According to Walker, the sole testifier, the "informant indicated that there was a false compartment in the bed of this vehicle, and that it contained an unknown quantity of marijuana." We cannot take Walker's word "indicated" as meaning pointed out the compartment as distinguished from merely stating it existed, because in the sentence almost immediately preceding Walker had used the word "indicated" as clearly meaning by word of mouth. It is true that there were visible plywood boards over the compartment, but no witness suggested that a plywood flooring in a pick-up truck was unusual or suspicious. Even the government did not claim that the testimony of agent Salinas of seeing the compartment after the flooring was removed, or the snapshots then taken, suggested that it was previously visible. Nor do we so construe the record. The burden is on the government, and if we were to draw any inference, it would be that there would be no point in having a false compartment if its existence was apparent.

Having seen the truck, Fernan obviously was able to describe it accurately. Walker went to the window and looked out, but the truck had gone. A general call was sent out. At 6:30 PM a truck meeting the description stopped of the driver's own accord at a then closed highway checkpoint to clean the windshield. Some fortuitously present government agents recognized it, effected the search, and arrested the defendant.

■ The government asserts that the fact the informant was of proven reliability is all that was needed to establish probable cause for the search. While support may be found for this view, *e. g.*, Costello v. United States, 324 F.2d 260 (9th Cir. 1963), cert. denied, 376 U.S. 930, 84 S.Ct. 699, 11 L.Ed.2d 650, it is now clear that, as the court said in United States v. Davis, 461 F.2d 1026, at 1033 (3rd Cir. 1972), there is a "two-pronged" test. It is necessary to make some showing of the validity of the conclusions made by the reliable informant. Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This aspect can be satisfied by evidence of "some underlying circumstances" warranting the informant's conclusions in the particular instance, Travis v. United States, 362 F.2d 477, at 479 (9th Cir. 1966), cert. denied, 385 U. S. 885, 87 S.Ct. 179, 17 L.Ed.2d 113, or by corroboration of his information from other sources, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327 (1958); *see* Whiteley v. Warden, 401 U.S. 560, 567, 91 S.Ct. 1031, 28

L.Ed.2d 306 (1971); or, perhaps, by the information itself if it is so detailed as to be inherently reliable. Thus in Draper v. United States, ante, where the informant not only described the suspect, but stated that he would be arriving by train from Chicago carrying a brown satchel, the Court considered the subsequent fulfillment of this prophecy to be sufficient corroboration of the informant's statement that the suspect would be carrying contraband. The probative significance of this subsequent event was noted in Spinelli v. United States, ante, 393 U.S. at 416–417, 89 S.Ct. 584. In the case at bar all the government had was a statement supported by nothing that was not open and obvious to anyone. We know of no case suggesting that this is enough. *Cf.* Whiteley v. Warden, ante, rejecting informer's unamplified "tip" that described individuals, in a described car, had stolen gold coins.

■ Finally, the government, in keeping with its other views in this case, offers as an alternative ground the fact "the information provided was verified." It is hornbook law that ex post facto verification does not satisfy the Fourth Amendment. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441 (1963).

Reversed.

CHOY, Circuit Judge (dissenting):

I respectfully dissent. I would sustain as not clearly erroneous the district court's factual finding that there was probable cause for the warrantless search. Costello v. United States, 324 F.2d 260, 261 (9th Cir. 1963), cert. denied, 376 U.S. 390, 84 S.Ct. 699, 11 L. Ed.2d 650 (1964).

Not only was the informant of proven reliability, but also his information was corroborated by government agents (Fernan and Salinas) before Agent Salinas made any attempt to lift the plyboard sheet covering the false compartment in the pickup truck-bed to smell the marijuana. The corroborative facts preceding the search and the reasonable inferences therefrom are:

The well-described truck, which the informant indicated had a false compartment in its bed containing a quantity of marijuana, was parked where the informant said it was.

The plyboard cover to the false compartment in the open truckbed was clearly visible.

Fernan inspected the truck where it was originally parked and saw the false cover.

Salinas saw the plyboard cover and recognized it as covering the false compartment before he raised it.

I find this case indistinguishable from Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958). I would not second guess the district judge and say he was clearly erroneous. We are concerned here with whether there was probable cause to search, not with whether a prima facie case to convict for possession of 264 pounds of marijuana was established before Salinas made the search.

I would affirm.