Thomas R. KNOTT, Jr.,
Petitioner-Appellant,

v.

Francis G. HOWARD, Warden,
Respondent-Appellee.

No. 74–1303.

United States Court of Appeals,
First Circuit.

Submitted Dec. 4, 1974.

Decided March 4, 1975.

Thomas R. Knott, Jr., on brief pro se.

Richard J. Israel, Atty. Gen., and Donald P. Ryan, Asst. Atty. Gen., Providence, R. I., on brief for respondent-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

█ Appellant, convicted of murder in the Rhode Island Superior Court, *see*

State v. Knott, 111 R.I. 241, 302 A.2d 64 (1973), appeals from the denial of his petition for habeas corpus. His primary claim is that the two confessions at issue here should have been excluded from evidence because he received no warnings about his rights prior to making the inculpatory statements. Acceptance of this argument would amount to applying Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), to his retrial. But *Miranda* does not apply to a retrial where the original trial commenced prior to the date *Miranda* was decided. Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253 (1969). Thus *Miranda* is inapplicable here, and the correct test of the admissibility of Knott's confessions is the pre-*Miranda* "totality of the circumstances" voluntariness test, *see* Jenkins v. Delaware, *supra*; Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Johnson v. New Jersey, 384 U.S. 719, 730, 732, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), with one factor in that test being the lack of warnings. Davis v. North Carolina, 384 U.S. 737, 740–41, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). This was the test the district court applied in its thorough and well-reasoned opinion. Knott v. Howard, 378 F.Supp. 1325 (D. R.I. 1974).\* Appellant's reliance on *Miranda* and *Miranda* cases, e. g., Fisher v. Scafati, 439 F.2d 307 (1st Cir.), order modified and cert. denied, 403 U.S. 939, 91 S.Ct. 2256, 29 L.Ed.2d 719 (1971); State v. La Fernier, 37 Wis.2d 365, 155 N.W.2d 93 (1967), is thus misplaced.

■■ The next argument is that the Hilton confession should have been held inadmissible because it followed two confessions which have been ruled inadmissible. *See* State v. Knott, 105 R.I. 71, 249 A.2d 421 (1969). There is, of course, no general rule that if an inadmissible confession is received, no subsequent confession can be admissible. *See* United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947). The appropriate inquiry then becomes whether the conditions that rendered the earlier confessions inadmissible carried over to invalidate the subsequent one. *E. g.*, Darwin v. Connecticut, 391 U.S. 346, 88 S.Ct. 1488, 20 L.Ed.2d 630 (1968); Beecher v. Alabama, 389 U.S. 35, 88 S.Ct. 189, 19 L.Ed.2d 35 (1967); Clewis v. Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967). Here the district court correctly held that there was no taint connected with the Hilton confession, because it was removed in time and place from the prior inadmissible confessions, because it was voluntary and not the product of interrogation, and mostly because the prior confessions were inadmissible solely because Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), had been interpreted by the Rhode Island Supreme Court as a broad prophylactic rule, *see* State v. Dufour, 99 R.I. 120, 206 A.2d 82 (1965), and not because the prior confessions were coerced or involuntary. The district court carefully considered appellant's argument that the Hilton confession was attributable to his belief that his position had been rendered hopeless by the two earlier (and inadmissible) confessions. The court determined that this was not the case, appellant having decided of his own volition to tell the complete story of the murder. This acceptance of the state court's conclusion was proper, since the record amply supports a finding of voluntariness.

■ Appellant's last argument is that he was mentally incompetent to make a voluntary confession. We have reviewed in detail the lengthy transcript in this case, particularly the transcript of the hearing on the motion to suppress the two confessions, and we cannot say that the state trial judge lacked substantial evidence for his finding that appellant had sufficient mental capacity to proffer a voluntary confession. *See* Leavitt v. Howard, 462 F.2d 992 (1st Cir.), cert. denied, 409 U.S. 884, 93 S.Ct. 175, 34 L.Ed.2d 140 (1972).

Judgment affirmed.

---

\* Line 21 in the left-hand column of page 1339, which was incorrectly left blank, should read "Similarly, it is my considered judg-".