UNITED STATES of America, Appellee,

v.

Marco Antonio TORAL, Appellant.

No. 75–3842.

United States Court of Appeals,
Ninth Circuit.

June 10, 1976.

Glenn Warren (argued), Federal Defenders of San Diego, Inc., San Diego, Cal., for appellant.

Stephen V. Petix, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

## OPINION

Before ELY and TRASK, Circuit Judges, and VAN PELT,* Senior District Judge.

ROBERT VAN PELT, Senior District Judge:

Appellant appeals his conviction of possession of a controlled substance (heroin)

* Honorable Robert Van Pelt, Senior United States District Judge, Lincoln, Nebraska, sitting by designation.

with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

He presents three issues for review:

1) Whether the affidavit submitted in support of the search warrant was sufficient to establish probable cause.

2) Whether statements made by the appellant after a proper *Miranda* warning were tainted by other statements made prior to that warning.

3) Whether the trial court properly refused to order revelation of the identity of the informant.

We affirm the trial court's findings.

On March 12, 1975, Drug Enforcement Administration (DEA) Agent Aros submitted to a United States District Judge an application for search warrant for permission to search the residence located at 3761 Newton Avenue, San Diego, California, as well as certain identified vehicles located in and around the premises. The search warrant was issued and executed the same day.

When the agents arrived at the residence they were admitted by the appellant's wife. It was then discovered that there were several persons inside, some of whom were specifically suspected of being involved in narcotics trafficking.

During a search of the front bedroom, DEA Agent Aros discovered a brown paper bag containing heroin. He then asked the appellant to come into the bedroom whereupon he asked the following questions: "Whose bedroom is this?" "Whose paper bag is this?" The appellant answered "It's mine." to both questions.

When the appellant claimed ownership of the bag, the agent placed him under arrest and gave him his *Miranda* warnings in the Spanish language. Thereafter, the appellant voluntarily admitted he had received some heroin and was holding it because of the money involved.

The appellant contends the affidavit in support of the request for search warrant was deficient in that it failed to satisfy one of the two "prongs" of the test set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and reiterated in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). It is contended that the affidavit does not sufficiently show the circumstances underlying the informant's conclusion.

The appellant is correct that some showing of the validity of the conclusions made by the reliable informant is necessary to satisfy *Spinelli* and *Aguilar.* However, this can be satisfied by evidence of the underlying circumstances warranting the informant's conclusion; corroboration of the information from other sources; or sufficient detail in information as to make it inherently reliable. *United States v. Hamilton*, 490 F.2d 598 (9th Cir. 1974); *Spinelli, supra.*

Although the affidavit in the instant case does not give any evidence of the underlying circumstances warranting the informant's conclusions, and does not contain sufficient independent corroboration, it does contain sufficient detail whereby the Judge could "know that he is relying on something more substantial than a casual rumor." *Spinelli, supra* 393 U.S. at 416, 89 S.Ct. at 589.

The affidavit contained fourteen paragraphs and set forth the following detailed information.

a.  A proven reliable source informed the agent that in October, 1974, Alfonso Carlos Aranda, Jimmy Lee Whitney and Uvaldina Aranda would be traveling to Culiacan, Sinaloa, Mexico, and returning with two kilograms of heroin. When this information was relayed to the Mexican police the three were stopped and found to be in possession of hashish. The informant later revealed that the heroin was transported to Tijuana in another previously unknown vehicle which was following and which escaped detection by the Mexican federal police.

b.  The informant revealed that Uvaldina Mendoza-Osuna and Sefarino Gomez on January 8, 1975 smuggled two kilograms of heroin, concealed in a spare tire, into the United States.

c. The informant also said that on March 1, 1975 and March 9, 1975 the same two people brought in two kilograms per trip, concealed in a tire, and that some of this heroin was actually present at the 3761 Newton Avenue residence at the time the warrant was being sought.

d. The informant stated that Gomez utilizes a bogus Immigration Border Crossing Card in entering the United States.

The affidavit further disclosed that 3761 Newton Avenue was the residence of appellant and that appellant had been caught smuggling marijuana concealed in the tires of his car back in 1970. Thus appellant was known to have used the very same deceptive device as the informant had said was used in smuggling the heroin.

Finally, it was revealed in the affidavit that another informant, this one of as yet unproven reliability, had reported that Gomez had approached him in early March seeking a buyer for heroin that Gomez then possessed.

■ The court has examined the affidavit in detail. Viewing it in a common sense fashion, *see United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), we find that it contains sufficient detail to satisfy the *Aguilar* test for probable cause.

Appellant's second contention is that the confession he made after the *Miranda* warnings were given should not have been admitted into evidence because it was tainted by the statements he made before the warnings were given.

In *Westover v. United States*, 384 U.S. 436, 494, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court made it clear that a confession is not rendered voluntary by the mere fact that an accused has been advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In *Westover* a confession made to the FBI was ruled inadmissible even though the accused had been apprised of his rights because the FBI interro-

gation followed on the heels of a grueling 14-hour interrogation by local authorities. The Court held that it was impossible under those circumstances for the accused to make a knowing and voluntary waiver of his rights.

■ Similarly, when the circumstances surrounding a prior involuntary confession carry over to make a knowing and voluntary waiver impossible, a confession is inadmissible even if the accused is advised of his rights beforehand. *See Leyra v. Denno*, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948 (1954); *Randall v. Estelle*, 492 F.2d 118 (5th Cir. 1974); *United States ex rel. B. v. Shelly*, 430 F.2d 215 (2d Cir. 1970); *Gilpin v. United States*, 415 F.2d 638 (5th Cir. 1969). This rule is not inflexible, however. Even though a prior involuntary confession irretrievably "lets the cat out of the bag," a subsequent confession may still be made voluntarily under the proper circumstances. *United States v. Bayer*, 331 U.S. 532, 539–41, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947). *See Knott v. Howard*, 511 F.2d 1060 (1st Cir. 1975); *United States v. Knight*, 395 F.2d 971 (2d Cir. 1968), *cert. denied*, 395 U.S. 930, 89 S.Ct. 1776, 23 L.Ed.2d 249 (1969); *Cotton v. United States*, 371 F.2d 385, 393 (9th Cir. 1967).

■ Therefore, the proper inquiry is whether the conditions that rendered the pre-warning admissions inadmissible carried over to invalidate appellant's subsequent confession. *Knott, supra*, 511 F.2d at 1061. In the present case appellant's initial statements were rendered involuntary almost exclusively because of the failure of the police to give him the *Miranda* warnings. There was very little that was inherently coercive about the circumstances leading up to the admissions made by appellant either before or after the warnings were given. All of the questioning took place in the security of appellant's own home, *see Knight, supra*, and the initial questioning, though improper, was in the form of preliminary questions that may have been asked of anyone in order to narrow the field of suspects. Unlike *Westover* and other cases cited by appellant, the record before

us reveals no coercive atmosphere that was carried over after the *Miranda* warnings were given.

We do not suggest that the impact of the confession itself should be minimized. Under other circumstances, a prior involuntary confession standing alone may be enough to render involuntary a confession made after the *Miranda* warnings are given. In the circumstances of the present case, however, we cannot say that the impact of the prior statements was so great as to render appellant's confession involuntary.

We have read the transcript of the *in camera* proceedings. The trial judge did not abuse his discretion in holding the *in camera* hearing, *see United States v. Rawlinson*, 487 F.2d 5 (9th Cir. 1973), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1579, 39 L.Ed.2d 881 (1974). The refusal to force revelation of the informant's identity was also within the court's sound discretion. *See United States v. Anderson*, 509 F.2d 724 (9th Cir. 1974), *cert. denied*, 420 U.S. 910, 95 S.Ct. 831, 42 L.Ed.2d 840 (1975).

We affirm in all respects.