UNITED STATES of America,
Plaintiff-Appellee,

v.

Xavier DE LA CRUZ BELLINGER,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Jacqueline Cynthia HOLLEY, Defendant-
Appellant.

Nos. 23697, 23698.

United States Court of Appeals,
Ninth Circuit.

Feb. 12, 1970.

Certiorari Denied June 1, 1970.
See 90 S.Ct. 1860.

William V. O'Neal (argued), San Diego, Cal., for defendant-appellant Bellinger.

William V. O'Neal (argued), San Diego, Cal., for defendant-appellant Holley.

Phillip Johnson (argued), Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BROWNING, ELY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

On September 25, 1968, a five-count indictment was returned against appellants Bellinger and Holley, and Dudley Beavers. Following a joint jury trial, a verdict was returned finding appellants guilty of conspiring to smuggle marihuana into the United States (Count I), assaulting a customs agent with a deadly and dangerous weapon (Count II), and smuggling 1,000 amphetamine tablets into the United States (Count III).[1] Beavers was found guilty on Counts I and III. Count I, the conspiracy count, was subsequently dismissed as to all three defendants by the district court. Only Bellinger and Holley appeal from their convictions on Counts II and III. We affirm.

Appellants raise five separate arguments, two of which warrant close examination. The remaining contentions, although carefully considered, do not warrant extended discussion and will be briefly dealt with at the end of this opinion.

### 1. *The arrest and search:*

On the evening of July 26, 1968, appellants, along with Beavers and Robert Serna, purchased three packages of oregano[2] and a quantity of amphetamine tablets in Tijuana, Mexico. Serna elected to walk back into the United States while Bellinger, Holley and Beavers proceeded by automobile. At the port of entry, customs agents, suspecting that the automobile contained contraband, ordered Beavers from the car. When they tried to remove Bellinger and Holley, Bellinger brandished a gun and he and Holley escaped by kidnapping one of the customs agents.

A search began for the fugitives and the kidnapped customs agent. Beavers

---

1. Count I charged a violation of 21 U.S.C. § 176a (1964), Count II a violation of 18 U.S.C. § 2231 (1964), and Count III a violation of 18 U.S.C. § 545 (1964). Counts IV and V, charging Beavers and Holley respectively with misprision of felony in violation of 18 U.S.C. § 4 (1964), were dismissed during the trial.

2. Oregano is commonly used as a seasoning in cooking. However, when packaged it has the same appearance as marihuana and can be used, as was the case here, to defraud would-be purchasers of marihuana.

refused to give information, but Serna, who crossed the border on foot a short time later, volunteered to identify the fugitives and to help locate them. His physical description of the fugitives and his description of the contraband and its location in the automobile were subsequently confirmed when the kidnapped agent returned and the abandoned automobile was found.

The next afternoon Serna led federal and state agents to Holley's house in Huntington Park, California. Bellinger, Holley, and a visitor were arrested in the living room. A search of the house ensued and a loaded gun, later identified at trial as the same type of gun used during the escape and kidnapping, was found in a dresser located in a hallway between the living room and laundry room. Appellants objected to the admission of the gun in evidence on the grounds that the warrantless arrest was not based on probable cause, the arresting officers did not have a reasonable description of the arrestees, and the search was beyond the scope of a search incident to an arrest.

■ Appellants assert that probable cause for arrest did not exist because all the information known by the arresting officers was based upon information supplied by Serna who, at that time, was not shown to be a reliable informer. However, as the district court found, Serna gave the customs agents a description of the appellant, a description of the contraband, and its location in the abandoned automobile. This information was subsequently corroborated by external circumstances within the officers' knowledge when the kidnapped customs agent returned and the abandoned automobile and contraband were found. From this corroboration, all of which occurred prior to the arrest, the officers could reasonably conclude that Serna was reliable and, based upon the information supplied by him, further conclude that appellants had committed the smuggling and assault at the port of entry the night before. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327

(1959); Costello v. United States, 324 F.2d 260, 262 (9th Cir. 1963). The arrest was based on probable cause.

■ Appellants also contend that the arresting officers did not have a sufficient description of them to identify them with "reasonable certainty." This argument is premised on Rule 4, Federal Rules of Criminal Procedure, which requires that an arrest warrant "contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty." Appellants argue that this requirement should also extend to warrantless arrests. It is unnecessary to consider this argument since the officers had a physical description of the suspects from Serna, the kidnapped customs agent, and a cab driver, and, therefore, could have identified them with "reasonable certainty."

■ Resting its decision on United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), the district court held that the search of the dresser in the hallway between the living room and the laundry room was reasonably incident to the arrest. Using the "totality of the circumstances" test, we agree. Appellants were arrested for smuggling and assault with a deadly weapon. The search was contemporaneous with the arrest. It was not a "fishing expedition" but was for the purpose of finding evidence of the crime for which appellants were arrested. Finally, the search was not more extensive than that permitted in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), and, in fact, the gun was found within the immediate vicinity of the arrest. Compare Shipley v. California, 395 U.S. 818, 89 S.Ct. 2053, 23 L.Ed.2d 732 (1969).

■ In Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), *Rabinowitz* and *Harris* were overruled, the Supreme Court holding that a search in a house in which the defendant is arrested may extend only to his person and the area "within his immediate control."

Applying the *Chimel* standards to the case now before us, the search of the dresser in the hallway was beyond the area within the arrestees' immediate control. However, since this search occurred on July 27, 1968, appellants cannot claim the benefits of *Chimel* because that case applies only to searches conducted after June 23, 1969, the date of its decision. Williams v. United States, 418 F. 2d 159 (9th Cir.), decided October 17, 1969.

The court did not err in admitting in evidence the gun seized at the time of arrest.

2. *The motion to sever defendants or permit comment on co-defendant's refusal to testify:*

Appellants were jointly indicted with Beavers, a participant in the smuggling and alleged conspiracy. Beavers was apprehended at the port of entry and did not participate in the assault. Prior to trial, appellants made a motion to sever their trial from that of Beavers. The grounds for the motion do not appear in the record and the motion was denied. All three defendants indicated prior to trial that they "may testify."

On the last day of trial counsel for Bellinger and Holley learned that Beavers had decided not to testify. Counsels' request to comment on Beavers' failure to take the stand was denied by the court. On appeal, appellants assert this ruling and the ruling on the pre-trial motion to sever were error.

■ The district court did not err in denying the request to comment on Beavers' refusal to testify. Such a comment, whether by the court, by counsel for the United States, or by counsel for a co-defendant, would impose a penalty on Beavers' right to remain silent and thereby impair its free exercise. The comment, if permitted, would have required reversal of Beavers' conviction. United States v. Echeles, 352 F.2d 892, 897–898 (7th Cir. 1965); De Luna v. United States, 308 F.2d 140, 1 A.L.R.3d 969 (5th Cir. 1962). See Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

■ The motion to sever the trials of the defendants, there being a proper joinder in the indictment, was governed by Rule 14, Federal Rules of Criminal Procedure. The Rule provides in part that the court may grant a severance of defendants if it appears that a defendant will be prejudiced by the joint trial. The grant or denial of the motion is in the discretion of the district court and, on appeal, review is limited to the question of whether that discretion was abused: "[W]as the joint trial so prejudicial to [the defendant] as to require the exercise of that discretion in only one way, by ordering a separate trial for him?" Parker v. United States, 404 F.2d 1193, 1194 (9th Cir. 1968).

Appellants argue that the inability of a defendant to comment on a co-defendant's refusal to testify in a joint trial is *per se* prejudicial because it denies him the right to present all evidence, by inference or otherwise, in his favor. The majority opinion in De Luna v. United States, *supra*, does, at least in dictum, contain language supporting this proposition.[3]

also, United States v. Echeles, *supra*.

■ The concurring opinion in *De Luna*, and subsequent decisions in the Fifth Circuit[4] and others which have

3. In *De Luna* the sole issue on appeal was whether the district court erred in permitting a co-defendant's counsel to comment on appellant's refusal to testify. Both the majority and concurring opinions held that it did. In considering the issue, however, the majority opinion went on to hold:

"If an attorney's duty to his client should require him to draw the jury's attention to the possible inference of guilt from a co-defendant's silence, the trial judge's duty is to order that the defendants be tried separately." 308 F.2d at 141.

4. Gurleski v. United States, 405 F.2d 253, 264–265 (5th Cir. 1968).

considered the problem [5], have declined to adopt an absolute rule of severance of joint defendants where one desires to comment on the other's refusal to testify. Recognizing the procedural problems inherent in a *per se* rule of severance,[6] a defendant who has been denied the opportunity to comment on his co-defendant's silence must demonstrate probable prejudice in the presentation of his defenses to the trier of fact in order to claim a right to severance. See cases cited in Footnotes 4 and 5 herein. Unless a defendant can show that his defense probably would have benefited from commenting on a co-defendant's refusal to testify, denial of the motion to sever is not prejudicial.

■ Here, no such showing was made. Bellinger and Holley's defense at trial was alibi. They testified that they were at a party on the night of the smuggling and assault and, though they were acquainted with Beavers, they did not know where he was that evening. Beavers, on the other hand, was in a different position. He was caught at the border and it was his car which was later abandoned by the escapees. Without identifying the passengers in his car, his defense was that the evidence failed to show that he was aware of the contraband in the car or intended to smuggle contraband into the United States.

Unlike the situation in *De Luna*, where the co-defendants attempted to shift the blame to each other, the defenses here were simply unrelated. Bellinger and Holley could not have benefited by commenting on Beavers' failure to testify since, under their own version of the facts, they had no knowledge of his participation in the crime charged. Hence, they were not prejudiced by the denial of the pre-trial motion to sever.

### 3. *Remaining contentions.*

■ Appellants contend that the court erred in admitting the in-court identification of them by Serna because it was the product of a line-up which was unnecessarily suggestive and at which counsel was not present. The district court did not test the legality of the line-up, but held that the in-court identification was the product of Serna's prior association with appellants. The record sustains this finding.

■ Appellants contend that the evidence on Count III, the smuggling count, was insufficient because it was based entirely on the testimony of Serna, who, as it turned out at trial, was not a credible witness. In fact, the evidence on Count III included additional evidence apart from Serna's testimony. However, Bellinger was given a seven year sentence on Count II, the assault count, and a five year sentence on Count III. Holley was sentenced under the Federal Youth Correction Act on both counts. All sentences were to run concurrently.

Since the convictions on Count II are valid, we need not consider the sufficiency of the evidence on Count III. Gonzalez v. United States, 324 F.2d 223, 225 (9th Cir. 1963).

Affirmed.

---

5. United States v. Caci, 401 F.2d 664, 671–672 (2d Cir. 1968) ; United States v. Kahn, 391 F.2d 824, 838–840 (7th Cir. 1967) ; Kolod v. United States, 371 F. 2d 983, 990–991 (10th Cir. 1967) ; Hayes v. United States, 329 F.2d 209, 221–222 (8th Cir. 1964). See also, United States v. McKinney, 379 F.2d 259, 264–265 (6th Cir. 1967).

6. Circuit Judge Bell, specially concurring in *De Luna*, expressed his disagreement with the majority's *per se* rule of severance:

"[Under the majority's holding] severance in advance of trial may be required where there is a representation to the court that one co-defendant does not expect to take the stand while another or others do expect to testify, and claim their right to comment upon the failure of the other to testify. This would eliminate joint trials, or vest in a defendant the right to a mistrial during final arguments, or in the alternative create built-in reversible error, all in the discretion of the defendants. The law contemplates no such end." 308 F.2d at 156.