**UNITED STATES of America,**
**Appellee,**

v.

**Anthony Odel MARTINEZ, Appellant.**

**No. 25440.**

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1970.

Alan D. Sirota, Beverly Hills, Cal., for appellant.

Edward J. Wallin, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and LEVIN, District Judge.*

* The Honorable Gerald S. Levin, United States District Judge for the Northern District of California, sitting by designation.

1. Taglavore v. United States, 291 F.2d 262 (9th Cir. 1961), cited by defendant, is not determinative. In that case the

HAMLEY, Circuit Judge:

Anthony Odel Martinez appeals from his conviction, after a nonjury trial, of possessing 120,000 barbiturate capsules and 30,000 amphetamine capsules for sale, in violation of 21 U.S.C. § 331(q)(3).

The sole issue before us is whether the trial court erred in denying defendant's pre-trial motion to suppress the capsules as evidence, and in permitting the capsules to be introduced in evidence at the trial.

Defendant argues that the seizure of the capsules in defendant's motel room was made under circumstances which required a search warrant, but none was obtained. A warrant was required, defendant contends, because the officers could have arrested defendant as he approached his motel room, but, as a pretext for searching his room incident to an arrest, or to seize contraband in plain sight, waited until he unlocked his door and entered the room.

The rule which defendant thus invokes is that where an arresting officer deliberately delays making the arrest in order to allow the arrestee to enter the premises which the officer desires to search, the arrest is considered a mere pretext to search, and such an arrest does not authorize a search of the premises incident to the arrest. *See* Williams v. United States, 418 F.2d 159, 161 (9th Cir. 1969); McKnight v. United States, 87 U.S.App.D.C. 151, 183 F.2d 977 (1950); Accarino v. United States, 85 U.S.App.D.C. 394, 179 F.2d 456, 464 (1949).[1]

Defendant was a fugitive in two California narcotics cases. A warrant for his arrest had been obtained and the ar-

defendant was arrested on a minor charge only as a pretext for making a warrantless search of his person. In the case before us, the arrest was on a major charge, and only the timing of the arrest as a pretext for searching a room is in question.

resting officers had a photograph of him. It had been reported to the police that defendant was a major distributor of illicit drugs, that he usually carried a hand gun, and that he had said that he would not be taken alive and would kill any officer who attempted to arrest him.

Possessed with this information, five police officers went to the motel where defendant was registered on the night of May 26, 1969. The motel manager told them that defendant had registered for room 10, but was not then in the room. With the permission of the manager, the officers waited in room 8 of the motel and took turns watching the door to room 10. At approximately 11:45 p. m., defendant arrived at the motel and parked his car about thirty feet from room 10. He then walked toward that room.

The officers then recognized defendant and rushed from room 8. They ordered defendant to halt, identified themselves, and pointed weapons at him as he was opening the door to his room. Defendant did not stop. He unlocked the door to room 10 and stepped inside. The officers continued their rush towards him and arrested him a few feet inside the door. A major portion of the capsules was in plain sight when the officers entered the room to arrest defendant. The rest were found less than a minute later in a closet of the room.[2]

The officers arrested defendant as quickly as they reasonably could, taking into account the need to identify him in the dark, the precautions which had to be taken to assure their own safety, and defendant's failure to comply with their command to halt. Under the described circumstances, the police entered the premises for the purpose of making an arrest, not as an excuse for a general exploratory search for evidence.

We hold that the trial court did not err in denying the motion to suppress the evidence, and in receiving that evidence at the trial.

Affirmed.

2. While the closet search would be questionable under Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed. 2d 685 (1969), this search occurred prior to the decision in *Chimel.* That decision is not to be applied to searches which occurred prior to June 23, 1969, United States v. De La Cruz Bellinger, 422 F.2d 723, 726 (9th Cir. 1970). In any event, the quantity of capsules which was found in plain view is sufficient to support the judgment.