**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clarence A. SWANK, a/k/a Jack Swank,**
**Defendant-Appellant.**

**No. 26463.**

United States Court of Appeals,
Ninth Circuit.

April 27, 1971.

Bernard G. Winsberg (argued), Los Angeles, Cal., for defendant-appellant.

Gerald F. Uelmen, Asst. U. S. Atty., (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Swank appeals his conviction, after jury trial, for violating 18 U.S.C. § 371

(federal conspiracy) and 18 U.S.C. § 1084 (use of wire facilities in interstate commerce for transmitting wagering information). This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

Appellant, an inveterate horse player, developed a distaste for the uncertainties of regular methods of betting. He had contacts with people at the race track and obtained information on fixed races. He bet large sums of money through bookmakers to avoid affecting adversely the track odds.

Appellant would inform his bookie about two weeks ahead of the race of the size of the bet so that the bookie could protect himself by "laying off" all or part of appellant's bets. Appellant would then inform the bookie of the horse, race and track about an hour before race time to prevent knowledge of the large bet from being widely circulated. In "laying off" the bets the bookie and appellant used interstate telephone wires.

We have carefully examined appellant's numerous assignments of error and find them to be without merit.

The only contention worthy of discussion is that, while appellant intentionally violated state law, he had no intent to commit a violation of federal law. We reject that contention on two grounds. *First,* the knowing use of interstate facilities is not an essential element of either the substantive offense or the conspiracy to commit it. *Second,* if it were, the evidence was sufficient to establish that appellant made at least one interstate telephone call. We deem that call to be sufficient involvement to uphold the conviction. *Cf.* United States v. Roselli, 432 F.2d 879, 890–892 (9th Cir. 1970).

The decision of the district court is affirmed.

The clerk is directed to issue the mandate forthwith.

It is so ordered.

---

\* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.