**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Wayne DONAWAY, a/k/a Babe Donaway, Defendant-Appellant.**

**No. 293.**

United States Court of Appeals,
Ninth Circuit.

Aug. 27, 1971.

Stephen Miller (argued), of Miller, Glassman & Browning, Beverly Hills, Cal., for defendant-appellant.

Gerald F. Uelmen, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim.Div., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, HUFSTEDLER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

In a ten-count indictment, Donaway and eight others were charged with interstate transmission of wagering information (18 U.S.C. § 1084), transmission in aid of gambling (18 U.S.C. § 1952), and conspiracy to violate the federal bribery statute (18 U.S.C. § 224), and §§ 1084 and 1952. The conspiracy count was dismissed as to all but two defendants. Donaway was convicted on the remaining two counts. The conviction of defendant Swank has been affirmed on appeal. United States v. Swank, 441 F. 2d 264 (9th Cir. 1971). The opinion in Swank and in United States v. Brandy-

berry, 438 F.2d 226 (9th Cir. 1971), provide factual background which we need not repeat here, although appellant Donaway was not mentioned in either opinion.

Donaway raises several issues, of which we consider three to be significant. Our disposition of those makes it unnecessary to discuss the others. *First*, was Donaway's joinder in the indictment improper and, if initially proper, did the district court abuse its discretion in denying several motions to sever? *Second*, was the language of 18 U.S.C. § 1084[1] intended to cover persons who merely bet at licensed pari-mutuel betting enterprises at racetracks, where such betting is legal under state law? *Third*, was the evidence sufficient to establish that appellant promoted a business enterprise involving gambling offenses within the meaning of 18 U.S.C. § 1952?[2]

From our earlier dispositions in *Brandyberry* and *Swank*, it will be seen that Donaway's co-defendant Swank was the hub in a wheel of activity involving "fixed" horse races. He had contacts with horse owners, racetrack employees, trainers and bookmakers and acquired valuable information that made betting at the track's pari-mutuel windows much too tame for him. He bet instead through off-track bookmakers, including one Lawler who was granted governmental immunity and forced to testify.

Swank bet so heavily that Lawler protected himself by "laying off" or spreading all or part of the bets with other bookmakers. Although two weeks of advance notice was required for this purpose, Lawler did not know which race or horse would be involved until just before the start of the race. This kept the word from spreading and affecting the track odds. See United States v. Swank, *supra*.

The evidence demonstrated that Swank had operated his scheme effectively as to five horses. As to three of the "fixed races," only Swank, Lawler and the track people were involved. The other two races drew in the other defendants.

The race involving "Deerwood Duke" netted Swank between $15,000 and $20,000. Several defendants who participated only in this venture were acquitted after the close of the government's case.

The race involving "Prize Candy" drew Donaway and another co-defendant into the picture. In attempting to "lay off" Swank's bet, Lawler had telephoned Donaway in Philadelphia and the latter placed a $4,200 bet on the horse, which finished out of the money. This was Donaway's only apparent connection with this group and he was acquitted of the conspiracy count involving all defendants. In fact, it was dismissed as to all but Swank and one Garner.

---

1. "Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wages or information assisting in the placing of bets or wagers on any sporting event or contest, or for the transmission of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers, shall be fined not more than $10,000 or imprisoned not more than two years, or both." 18 U.S.C. § 1084(a).

2. *"Interstate and foreign travel or transportation in aid of racketeering enterprises*
   "(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
   "(1) distribute the proceeds of any unlawful activity; or
   "(2) commit any crime of violence to further any unlawful activity; or
   "(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
   and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both." (18 U.S.C. § 1952(a).

Donaway timely objected in a pretrial motion to being joined with eight others and asked for severance. The motion was renewed after the conspiracy count was dismissed. Both motions were denied.

Initial joinder of multiple defendants is controlled by Rule 8(b), Fed.R.Crim. Proc.[3] If the offenses are in no way connected and several defendants are tried together, they are prejudiced by that very fact. Metheany v. United States, 365 F.2d 90, 95 (9th Cir. 1966).

■■ The wording of the indictment would lead one to conclude that Donaway was properly joined. He was charged as a co-conspirator, and a conspiracy count can be a connecting link between co-defendants who are also charged separately with other substantive offenses in other counts of the indictment. Baker v. United States, 393 F.2d 604 (9th Cir. 1968).

■ But, the *Baker* decision and others like it do not permit the government to avoid the requirement of Rule 8(b) merely by adding a conspiracy count in order to link all defendants. Linking can be allowed, to uphold joinder, only where the conspiracy charge was put forth in good faith.[4]

If we were to assume the good faith of the government in joining the defendants, should the district court have granted the renewed motion to sever under Rule 14[5] after the conspiracy count was dismissed.

■ The court must weigh, case by case, the advantage and economy of a joint trial to the administration of justice against possible prejudice to a defendant. It need not exercise its discretion by ordering separate trials unless a joint trial is manifestly prejudicial. United States v. De La Cruz Bellinger, 422 F.2d 723 (9th Cir. 1970), cert. denied, 398 U.S. 942, 90 S.Ct. 1860, 26 L. Ed.2d 278 (1970); Parker v. United States, 404 F.2d 1193 (9th Cir. 1968), cert. denied, 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782. Whether there is an abuse of discretion depends on the facts in each case. Daut v. United States, 405 F.2d 312 (9th Cir. 1968).

■ In the case before us the government's case in chief covered more than 2,300 pages of transcript. Less than 50 pages were relevant to Donaway. Most of the rest dealt with the other defendants and transactions involving the handling and "doping" of horses, with which Donaway had no connection. During the trial, the trial judge was temporarily disabled and had to be replaced by another to whom the dangers of joinder might not have been apparent. While he was not necessarily required to grant a severance after dismissing the conspiracy count, Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed. 921 (1960), we find it impossible to conclude on the facts here that appellant was not severely prejudiced by the evidence relevant only to the co-defendants. Despite the trial judge's sincere effort to keep the jury aware of the limitations in the admissibility of evidence, we hold that the failure to sever as to appellant was an abuse of discretion in violation of Rule 14, Fed.R. Crim.Proc.

3. "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

4. United States v. Manfredi, 275 F.2d 588, 593 (2d Cir. 1960), cert. denied 363 U.S. 828, 80 S.Ct. 1598, 4 L.Ed.2d 1523 (1960).

5. "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Rule 14, Fed.R.Crim.Proc.

We turn to appellant's contention as to the applicability of 18 U.S.C. § 1084. The government endeavored to show that appellant was in the business of betting by demonstrating that substantial portions of his income for the years 1965 to 1967 were from pari-mutuel betting, a lawful activity sanctioned by state law.

The government would use this lawful activity as a basis for proving a violation of a federal statute. This is contrary to its position in Cohen v. United States, 378 F.2d 751 (9th Cir. 1967), in which it was said:

> "As the government states, 'Section 1084 was not designed to be applicable to isolated acts of wagering by individuals not engaged in the business of wagering.' 'The legislative history of Section 1084 clearly indicates that the purpose of the legislation was to curb the activities of the professional gambler.'" Cohen v. United States, supra, fn. 8 at 756.

We agree with its earlier position, not with its present one.

The only evidence at trial connecting Donaway with the "business enterprise involving gambling  *  *  * offenses" was the placing of one bet for Lawler. The words "business enterprise" as used in § 1952 refer to a continuous course of criminal conduct rather than sporadic casual involvement in a proscribed activity. United States v. Cozzetti, 441 F.2d 344 (9th Cir. 1971); United States v. Zizzo, 338 F.2d 577, 580 (7th Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1530, 14 L.Ed.2d 435 (1965). See Rewis v. United States, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971).

We hold that the evidence was insufficient to prove that the appellant was engaged in an activity within the purview of the statute.

The judgment of the district court is reversed.