**UNITED STATES of America,
Plaintiff,**

v.

**James Edward PALMER et al.,
Defendants.**

**Cr. No. 73–812–ACW.**

United States District Court,
N. D. California.

Jan. 22, 1974.

James L. Browning, Jr., U. S. Atty., by Paul J. Fitzpatrick, San Francisco, Cal., for plaintiff.

Richard B. Mazer, of Mazer & Parnes, San Francisco, Cal., for defendants.

ORDER DENYING MOTIONS OF DEFENDANT ARON WISE, JR., TO SEVER AND TO ELECT COMMITMENT PURSUANT TO TITLE I OF THE NARCOTIC ADDICT REHABILITATION ACT.

WOLLENBERG, District Judge.

Defendant Aron Wise, Jr., was indicted with three others for armed robbery and now moves for severance and for an opportunity to elect commitment for rehabilitation as an addict pursuant to Title I of the Narcotic Addict Rehabilitation Act, as amended, 28 U.S.C. § 2901 et seq. (hereinafter "NARA").

■■ Rule 14 of the Federal Rules of Criminal Procedure permits severance when two or more persons are charged in a single indictment, but defendant has not shown that a joint trial will prejudice his ability to present his defenses or will otherwise prevent him from receiving a fair trial. *See* Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); United States v. Donaway, 447 F.2d 940 (9th Cir. 1971); United States v. de la Cruz Bellinger, 422 F.2d 723 (9th Cir. 1970). The government has represented to the Court that it will use no evidence in its case in chief that would violate the rule of Bruton v. United States, *supra*. Should the government wish to use post-arrest or pre-arrest statements of any of the defendants in this case, it is hereby ordered that these statements first be presented to the Court for *in camera* inspection.

■ Defendant Wise's motion for commitment pursuant to Title I of NARA is denied because Wise is charged with armed robbery, and persons charged with robbery are expressly excluded from coverage under NARA. By its terms the Act extends coverage only to "an eligible individual". 28 U. S.C. § 2902. Such an individual is defined by the Act as excluding "an individual charged with a crime of violence", 28 U.S.C. § 2901(g)(1), and robbery is defined by the Act as a "crime of violence". 28 U.S.C. 2901(c).

■ The Court rejects Wise's contention that the exclusion of persons accused of robbery denies him the right of equal protection inherent in the due process clause of the Fifth Amendment to the United States Constitution. *See* Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). In Marshall v. United States, — U.S. —, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974), the Supreme Court recently stated that in enacting NARA, Congress intended to exclude from treatment made available under the Act persons least likely to be rehabilitated by such treatment. At —, 94 S.Ct. 700. The exclusion of persons charged with crimes of violence has a rational basis and is relevant to the purpose for which the classification was made and, therefore, does not violate the Fifth Amendment of the United States Constitution. *See* McGinnis v. Royster, 410 U.S. 263, 270, 93 S.Ct. 1055, 35 L. Ed.2d 282 (1973); Baxstrom v. Herold, 383 U.S. 107, 111, 86 S.Ct. 760, 15 L. Ed.2d 620 (1966); *see also* Marshall v. United States, *supra*, — U.S. at —, 94 S.Ct. 700, and authorities cited therein.

For the reasons stated above, defendant Wise's motions to sever pursuant to F.R.Crim.P. Rule 14 and for commitment pursuant to NARA are denied.