**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JUVENAL MONDRAGON and<br>LENY ROMERO MOYA<br><br>Defendants-Appellants. | Nos.  17-10349, 17-10351<br><br>D.C. No.<br>3:15-cr-00134-VC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,** District Judge.

Defendants Juvenal Mondragon and Leny Moya appeal their convictions and

sentences for possession with intent to distribute 500 grams or more of

methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). A jury found

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

the defendants guilty after a joint trial. They argue on appeal that the district court violated their rights in multiple ways during the trial. We affirm.

First, the district court did not abuse its discretion by denying the defendants' motions to sever their trials. *See United States v. Throckmorton*, 87 F.3d 1069, 1071 (9th Cir. 1996) ("We review for abuse of discretion a district court's decision denying a motion to sever trials."). The defendants' defenses were not necessarily mutually exclusive. The jury could have found that there was insufficient evidence to prove that *either* of them knew what was in the Target bag, thereby acquitting them both. *See United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991) ("Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of the other."). Further, the facts in *Zafiro v. United States*, 506 U.S. 534, 536 (1993) are indistinguishable from those here, confirming that the district court here similarly did not abuse its discretion.

Second, the district court did not violate Mondragon's Confrontation Clause rights by precluding his lawyer from questioning Moya about the 10-year mandatory-minimum sentence he faced. In determining whether a defendant has suffered a Confrontation Clause violation when the judge limits his lawyer's inquiry into the sentencing exposure of an adverse witness, "the reviewing court must inquire whether: (1) the excluded evidence was relevant; (2) there were other

2

legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness." *United States v. Beardslee*, 197 F.3d 378, 383 (9th Cir. 1999) (citation omitted), *opinion amended on denial of reh'g,* 204 F.3d 983 (9th Cir. 2000). A district court's decision to limit the scope of cross-examination is reviewed for abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc).

Here, the district court did not abuse its discretion in concluding that, on balance, permitting Mondragon's lawyer to question Moya about the "serious federal conviction" he faced and the consequences it would have in his life sufficiently protected his Confrontation Clause rights. The jury had enough information about the magnitude of the punishment to assess Moya's credibility: the difference in magnitude between a 10-year mandatory-minimum sentence and an undefined prison sentence for a serious federal drug crime does not amount to a Confrontation Clause violation, particularly where the jury was already aware that, as a codefendant also standing trial, Moya had a strong motive to lie to avoid conviction. *See Larson*, 495 F.3d at 1107 (holding that the defendant suffered a Confrontation Clause violation when the magnitude of a witness's incentive to testify was not adequately conveyed to the jury).

Third, Mondragon did not suffer a violation of his Fifth Amendment right to remain silent when Moya's lawyer stated that the "only person that came on this witness stand to tell you whether he did or did not possess it was Leny Moya himself. Nobody else said that he did." *See United States v. Lopez*, 500 F.3d 840, 844 (9th Cir. 2007) ("We review de novo whether references to a defendant's silence violate his Fifth Amendment privilege against self-incrimination." (citation omitted)). In context, it was clear that Moya's lawyer was not highlighting Mondragon's silence but, instead, contrasting Moya's testimony with *the government's* lack of testimony or other direct evidence demonstrating that Moya knew about the methamphetamine.

Lastly, the district court did not err by prohibiting Moya's lawyer from highlighting Moya's willingness to testify in contrast to Mondragon's silence. Moya has not demonstrated that his defense probably would have benefited from the ability to comment on Mondragon's silence. *See United States v. De La Cruz Bellinger*, 422 F.2d 723, 727 (9th Cir. 1970) ("Unless a defendant can show that his defense probably would have benefited from commenting on a co-defendant's refusal to testify, denial of the motion to sever is not prejudicial.").

**AFFIRMED.**