**Robert Lee HOLLEMAN,**
**Petitioner-Appellant,**

v.

**Jack R. DUCKWORTH and Indiana**
**Attorney General,**
**Respondents-Appellees.**

**No. 82–1769.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1982.

Decided Feb. 18, 1983.

---

*Holleman v. State,* 400 N.E.2d 123 (Ind. 1980), and we will review only those facts pertinent to our decision.

## I. *Facts.*

Holleman was arrested on October 17, 1976, on charges that were not related to the murder. On October 18, while in custody on those charges, Holleman gave a statement to officers from the Hammond, Indiana, Police Department implicating himself in the murder. The next day, in the course of being interviewed about other charges, Holleman asked Officer McAlister of the St. Joseph County Police to get in touch with the Hammond police and inform them that he wished to make another statement. These officers spoke with Holleman on October 21 and obtained another confession. Holleman confessed once again on October 26. Although he refused to sign a waiver of rights form or his statement on October 18, he signed waivers during the subsequent interviews and signed both statements.

Holleman challenged the admissibility of these statements prior to trial, and the trial court conducted a lengthy suppression hearing. At the hearing Holleman testified that he had been addicted to heroin and was suffering from withdrawal when he gave the first statement on October 18. After giving this statement Holleman was given medication to ease the withdrawal pain. He claimed that he was still suffering from some symptoms of withdrawal on October 21, but stated that he felt fine physically on October 26. When he gave this last statement, however, Holleman claimed that he was emotionally upset because he had just been sentenced to lengthy periods of incarceration on other charges.

Holleman claimed to have requested counsel on October 18 and 21, but was denied this request by the police. He did not request counsel on October 26 because he felt that it was then too late to do any good. Holleman also testified that the police made various promises of leniency to induce him to confess, although he admitted

Allen E. Shoenbegger, Associate Professor of Law, Mary Beth Kopko, Law Student, Loyola University School of Law, Chicago, Ill., for petitioner-appellant.

David L. Steiner, Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before PELL and BAUER, Circuit Judges, and TIMBERS,[*] Senior Circuit Judge.

PELL, Circuit Judge.

Petitioner Robert Holleman appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Holleman was convicted of felony murder following a jury trial in state court. He unsuccessfully challenged his conviction in the Indiana Supreme Court and then brought this habeas action. Holleman's sole contention is that the trial court erred in admitting two of his confessions into evidence, although he advances several different grounds in support of this argument. The details of the crime are set forth in the opinion of the Indiana Supreme Court,

---

[*] William H. Timbers, Senior Circuit Judge of the Second Circuit, is sitting by designation.

that he was skeptical that the police would keep their word on these. Holleman was not brought before a magistrate on the murder charge until January 7, 1977.

Several police officers testified during the hearing. All of the officers denied that Holleman requested an attorney or that any promises of leniency had been made to him. With one exception they all testified that they had not seen Holleman sweating, shaking or exhibiting any other withdrawal symptoms. Officer McAlister testified that Holleman had been sweating, shaking and doubled up with cramps or pain during the interrogation on October 18, although he did not indicate the severity of these symptoms and stated that some of Holleman's suffering may have been due to nervousness and the heat in the jail. When McAlister saw him on October 19 these symptoms had eased, and by October 21 the only sign of withdrawal exhibited by Holleman was sweating, which may have been caused by the extreme heat in the jail. McAlister denied that Holleman had requested an attorney, although he had been advised to get one. There is no indication in the record that Holleman, who appeared in court represented by attorneys on other charges during this period, did not know how to engage the services of an attorney.

The trial court granted Holleman's motion to suppress the statement of October 18 because of his withdrawal from heroin symptoms, but held that the subsequent statements were admissible. On appeal Holleman argued that the later confessions should have been suppressed as (1) the fruit of an illegal arrest; (2) the product of the inadmissible confession of October 18; (3) the product of the police officers' failure to

honor his request for counsel; and (4) the result of his illegal detention in the county jail while waiting to be brought before a magistrate. The Indiana Supreme Court considered, and rejected, each of these claims. In his petition for a writ of habeas corpus Holleman dropped the claim that the confessions were the fruit of an illegal arrest and proceeded with the remaining arguments. In support of his petition Holleman filed a document titled a "Traverse," in which he presented various factual claims regarding his heroin addiction. The district court determined that the state court record presented an adequate basis for decision and refused to consider the Traverse. After examining the record the district court rejected all of Holleman's claims.

## II. Voluntariness of Confessions.

### A. Heroin Withdrawal.

In the briefs presented to this court Holleman has advanced the argument that the confessions of October 21 and 26 were the product of his withdrawal from heroin. This argument, which was not presented to the Indiana Supreme Court,[1] raises the possibility that Holleman's petition contains an unexhausted claim that would require dismissal of the entire petition. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). We need not address this issue, however, as this claim was similarly not presented to the district court. "It is a well-established general proposition that 'a litigant cannot present to this court as a ground for reversal an issue which was not presented to the trial

---

1. During oral argument of this case it became clear that the parties could not agree as to what arguments had been made to the Indiana Supreme Court. We have reviewed the briefs from that appeal and are of the opinion that the argument that the confessions of October 21 and 26 were the product of Holleman's suffering from heroin withdrawal on those dates was not adequately presented. Rather, as we read the briefs, Holleman argued that these later confessions were the fruit of the statement of October 18, which had been prompted by his withdrawal symptoms. These arguments are

not one and the same, as is evidenced by the court's failure to deal with the former argument in its decision. Holleman has not exhausted state remedies on his current theory simply because he challenged the same statement under a different theory before the Indiana Supreme Court. *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). Even if our reading of the briefs is in error, we believe that Holleman did not raise this issue in his habeas petition and thus may not raise it now.

court and which it, therefore, had no opportunity to decide.'" *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1333 (7th Cir. 1977), *cert. denied,* 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (quoting *Desert Palace, Inc. v. Salisbury,* 401 F.2d 320, 324 (7th Cir.1968)); *United States ex rel. Moore v. Brierton,* 560 F.2d 288, 291 (7th Cir.1977), *cert. denied,* 434 U.S. 1088, 98 S.Ct. 1285, 55 L.Ed.2d 794 (1978).[2]

Even if the issue is properly before us the argument that Holleman confessed on October 21 and 26 because of his withdrawal from heroin is unpersuasive. Holleman has provided us with an impressive array of scientific authorities for the proposition that withdrawal from heroin is a lengthy and painful process. While we cannot quarrel with this as a general proposition, the record in this case indicates that the symptoms of withdrawal had diminished by October 21 and that, according to Holleman's own testimony, had disappeared by October 26. Under these circumstances we cannot say that the trial court erred in holding that these statements were not the product of heroin withdrawal.

### B. Denial of Counsel.

█ Holleman claims that the police refused to provide him with an attorney despite his requests for one and that the confessions were the result of this denial of his Sixth Amendment right. In considering this claim the district court correctly recognized that, absent a showing that the state proceedings were less than full and fair, it must accept the fact findings of the trial court and the Indiana Supreme Court if supported by the record. 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Holleman has not even attempted to demonstrate that the state proceedings were anything less than full and fair or show how the findings were not supported by the record. After examining the record we agree with the district court that the findings are amply supported and must be accepted. On the issue whether Holleman was denied the right to counsel, after reviewing the record, the Indiana Supreme Court found that he never requested an attorney although advised of his right to have one appointed. The only evidence contradicting this finding is Holleman's testimony, which the court was not required to believe. Accordingly, we must accept as a fact that Holleman waived his right to counsel.

### C. Illegal Detention.

█ Holleman argues that his statements were the fruit of his detention while waiting to be brought before a magistrate on January 7, 1977, which was in violation of his Fourth Amendment rights. The district court held that this claim could not be considered in a habeas proceeding absent a showing that Holleman was not afforded a full and fair opportunity to litigate the claim in state court. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *United States ex rel. Faulisis v. Pinkney,* 611 F.2d 176 (7th Cir.1979); *Myers v. Rhay,* 577 F.2d 504 (9th Cir.1978), *cert. denied,* 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427. Other than disagreeing with the result reached by the state courts Holleman has failed to enlighten us as to how the proceedings did not afford him a full and fair opportunity to litigate his claim. We agree with the district court that *Stone v. Powell* precludes our consideration of this claim. Lest Holleman think that we have avoided granting him relief on a technicality, we note that we find the opinion of the Indiana Supreme Court persuasive in its denial of this claim. *Holleman v. State,* 400 N.E.2d 123, 127 (1980).[3]

---

**2.** Holleman has argued that, although he did not raise this claim expressly before the district court, it is sufficient that he challenged the admission of the statements. We disagree. That Holleman challenged the admission of the confessions in his habeas petition does not entitle him to raise any and all theories and facts in support of this on appeal.

**3.** In rejecting this claim the Indiana Supreme Court stated:

First, the confessions were given on the fourth and ninth days following appellant's arrest on the unrelated charge, not *after* the seventy-eight-day detention. Second, during the nine-day period, appellant was making four court appearances in South Bend. We

### D. "Cat out of the bag."

Holleman's final contention is that the confessions of October 21 and 26 were the result of the inadmissible confession of October 18. Holleman argues that had he known that his first confession would be suppressed he would not have made the later incriminating statements, but having once let "the cat out of the bag" remaining silent during the later interrogation appeared to be an exercise in futility.

The proper measure of a claim that a confession is involuntary is whether "the totality of the circumstances" demonstrate that the accused did not make the decision to confess of his own free will. *Fikes v. Alabama,* 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957); *see also Blackburn v. Alabama,* 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); *Montes v. Jenkins,* 626 F.2d 584 (7th Cir.1980). That the accused has already made an involuntary confession is a strong indication that later statements were not the product of his free will, but it is not dispositive on the issue. The Supreme Court recognized this in *United States v. Bayer,* 331 U.S. 532, 540–41, 67 S.Ct. 1394, 1398, 91 L.Ed. 1654 (1947).

Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed.... The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first. *But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed.*

(emphasis added); *see also Knott v. Howard,* 511 F.2d 1060, 1061 (1st Cir.1975).

In considering whether the first confession tainted the later ones we must examine factors such as whether the conditions that rendered the first confession inadmissible persisted through later questioning, the break in time, if any, between the confessions, whether defendant was given renewed *Miranda* warnings, and any other relevant circumstances. When the timing and conditions of the confessions are "so close that one must say the facts of one control the character of the other" the subsequent confession will be suppressed. *Leyra v. Denno,* 347 U.S. 556, 561, 74 S.Ct. 716, 719, 98 L.Ed. 948 (1957); *United States ex rel. Williams v. Twomey,* 467 F.2d 1248 (7th Cir.1972). That the defendant remained in custody and was denied access to counsel will also taint the subsequent confessions. *Clewis v. Texas,* 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); *United States ex rel. Gockley v. Meyers,* 450 F.2d 232 (3rd Cir. 1971), *cert. denied,* 404 U.S. 1063, 92 S.Ct. 738, 30 L.Ed.2d 752 (1972). And, of course, the persistence of the conditions that caused the initial confession to be involuntary during later questioning will result in a continued taint. Conversely, that there was a break in time between the confessions and that the coercive conditions were removed will counsel in favor of finding the later statements voluntary. *United States v. Bayer,* 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947); *United States v. Monti,* 557 F.2d 899 (1st Cir.1977); *United States v. Gorman,* 355 F.2d 151 (2nd Cir.1965), *cert. denied,* 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed.2d 1027. That defendant initiated contact with the police prior to making the later confessions with the hope of making a deal also weighs in favor of finding the confessions admissible.

In this case there was a break of several days between the confessions, and Holleman was advised of his rights on each occasion. The trial court found that Holleman's withdrawal symptoms had eased to the point at which they were no longer the cause of the confessions. Although Holleman remained in custody he was advised of his right to speak with an attorney but declined to do so. Furthermore, we find no

---

cannot say the police acted unreasonably, and with an eye toward obtaining a confession at the expense of denying him his rights,

in failing to take him before a magistrate during this nine-day period.
400 N.E.2d at 127.

reason for thinking that incarceration caused Holleman to confess as he was also being held on other charges and could not expect to be released as a result of making a statement. Most importantly, the Indiana Supreme Court found that Holleman initiated the conversations with the police that led to the confessions on October 21 and 26 in the hope that he would be given leniency, although no promises had been made by the police on this score. Based on these facts, which make up the totality of the circumstances of this case, we cannot conclude that the three courts that have already considered this claim erred in finding the confessions voluntary. Accordingly, the decision of the district court is AFFIRMED.