**UNITED STATES of America ex rel. Max CERDA, Petitioner,**

v.

**Jim GREER, Warden, et al., Respondents.**

**No. 84 C 10919.**

United States District Court, N.D. Illinois, E.D.

July 22, 1985.

Max Cerda, pro se.

Neil F. Hartigan, Atty. Gen. of Illinois by Scott Graham, Asst. Atty. Gen., Chicago, Ill., for respondents.

## MEMORANDUM ORDER

BUA, District Judge.

Following a jury trial in the Circuit Court of Cook County, Max Cerda was found to be guilty of the murders of Ralph and Isaac Negron and for the attempted murder of Yolanda Guieterrez. The Illinois Appellate Court affirmed the conviction. *People v. Cerda*, No. 83–629 (Ill.App. 1st Dist. August 4, 1983). Cerda, ("petitioner") has moved for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner's action was filed in the United States District Court for the Southern District of Illinois, East St. Louis Division. Petitioner raised seven issues which challenged his conviction for two counts of murder and one for attempted murder. Respondents answered the petition and moved for dismissal of the cause. The district court granted respondents' motion on six claims, but denied the motion concerning petitioner's claim that his confession was involuntary under the fifth amendment to the United States Constitution. Petitioner was then transferred to Stateville Correctional Center and his case was transferred to this Court. Presently before this Court is respondents' motion for summary judgment on petitioner's remaining claim, that his confession was involuntary under the fifth amendment. For the reasons stated herein, respondents' motion for summary judgment is granted.

### I. FACTS [1]

On April 22, 1979, Ralph and Isaac Negron were shot and killed and Yolanda

---

**1.** The factual background of the case is set out fully in the Illinois Appellate Court's opinion at

Guieterrez was shot and injured. On April 23, 1979, at approximately 1:00 a.m., Max Cerda was arrested at his home and taken to the police station for his alleged involvement in the above incident. He gave a written confession 17 hours later. Cerda was 16 years old at the time.

Cerda claims that his confession was involuntary under the fifth amendment. He argues that the police questioned him repeatedly over a 17-hour period and wore him down before he admitted that he was present at the crime and had a weapon. He also claims that during the 17-hour period he was not allowed to talk to his parents.

## II. DISCUSSION

The Supreme Court has repeatedly emphasized the "high measure of deference" to which state court factual findings are entitled under 28 U.S.C. § 2254(d). *See Sumner v. Mata,* 455 U.S. 591, 598, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982). The Illinois Appellate Court determined that petitioner's fifth amendment rights were not violated by the conduct of the police prior to petitioner's confession. The Illinois Appellate Court noted that:

> The record discloses that during the seventeen-hour period in which the defendant was in custody prior to giving his written statement, he was read his *Miranda* rights at least five times and was interviewed four times by either an Assistant State's Attorney or a police officer. None of the four interviews lasted for a period of more than thirty-five minutes. The interviews took place at 4:00 a.m., 9:00 a.m., 12:00 a.m., and 6:00 p.m. At 7:00 a.m. an Assistant State's Attorney read the defendant his *Miranda* rights but did not interview him at this time. In addition, at approximately 5:30 a.m., the defendant accompanied two police officers when they went to locate the house of one of the co-offenders implicated by the defendant.
>
> The record also discloses that the defendant's mother was present when the defendant was arrested in his home at 1:00 a.m. The defendant also saw his mother the next afternoon when she brought food to him.
>
> At the times when the defendant was read his *Miranda* rights and agreed to talk with investigators, he stated that he understood his rights and that he realized that the events that had occurred were of a serious nature.

*People v. Cerda,* No. 83–629 at 14 (Ill.App. 1st Dist. August 4, 1983).

In this case, petitioner has not even attempted to demonstrate that the state proceedings were anything less than full and fair or show how those findings were not supported by the record. In fact, petitioner has failed to respond to respondents' motion for summary judgment. Petitioner contends that his confession was involuntary under the fifth amendment. Therefore, because the petition does not allege any discrepancies regarding the facts found by the Illinois courts, the sole issue before this Court is whether the state court finding that petitioner's confession was voluntary, findings which must be presumed to be correct, are supported by the record.

■ The prosecution has the burden of showing that petitioner's confession was voluntarily given. *Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 L.Ed.2d 618 (1972). It is well-settled that the test for determining the voluntariness of a suspect's confession is whether the "totality of the circumstances" demonstrates that the accused made the decision to confess of his own free will. *Fikes v. Alabama,* 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957); *Holleman v. Duckworth,* 700 F.2d 391, 396 (7th Cir.1983).

The Supreme Court has recognized a number of factors to be considered in determining voluntariness. Included are: 1) the degree of compulsion exerted over the defendant (*see Brown v. Mississippi,* 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936)); 2) the use of fear (*see Malinski v. New York,* 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945)); 3) the duration of question-

ing (*see Spano v. New York*, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959) ); 4) threats made against the defendant (*see Lynumn v. Illinois*, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963) ); and 5) the age of the accused (*see Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948) ).

The issue is whether the petitioner's confession was voluntary in light of the factual setting and the above-mentioned factors which are to be considered. In *Haley v. Ohio*, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), a 15-year-old suspect was questioned for five hours by two policemen at a time. He was not orally advised of his right to remain silent and was held incommunicado for five days. The confession that followed such treatment was held to be involuntary. In *Gallegos v. Colorado*, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962), a 14-year-old suspect was held in detention for five days without access to his mother. The Supreme Court stated that a 14-year-old, no matter how sophisticated, is unlikely to have any conception of what will confront him when he is made accessible to the police. "We deal with a person who is not equal to the police in knowledge and understanding of the consequences." *Id.* at 54, 82 S.Ct. at 1212.

■ The present case, though in some ways similar, stands in stark contrast to the Supreme Court decisions which petitioner relies on. Unlike the suspects in the *Haley* and *Gallegos* cases, Cerda, though still a youth, was 16 years of age at the time of his arrest. In the 17 hours of confinement, Cerda suffered no physical harm and was not mistreated in any way. He was informed of his *Miranda* rights five times. Cerda made it clear that he understood his rights and knowingly waived his right to counsel. In addition, he was visited by his mother and given food. He was able to seek parental advice. Although questioned at four different times the length of questioning never exceeded 35 minutes. Considering the seriousness of the crime, the duration of questioning was certainly not unreasonable.

Petitioner's counsel argued before the appellate court that lack of sleep and continued questioning wore the petitioner down until he finally confessed. This Court disagrees. The record indicates that petitioner had ample time between questioning to sleep. The record also indicates that petitioner was never compelled to confess. The only sign of coercion by the police was one officer allegedly warning Cerda to tell the truth or he would "get his ass kicked." *People v. Cerda and Esquivel*, No. 79 C 3828, Transcript at 261–62 (Criminal Court, Cook Co., Ill. Aug. 15, 1980). Such a warning does not constitute the degree of coercion necessary to negate an otherwise voluntary confession. *See Brown v. Mississippi*, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936).

In summary, it is true that the petitioner, being only 16 years of age, was probably scared and possibly intimidated by the police. The record, however, shows that the police did not compel the petitioner to confess through either the use of threats or fear. Neither does the record support petitioner's argument that he confessed out of weariness due to lack of sleep and frequent questioning. Accordingly, based upon a review of the trial court's record and considering the totality of the circumstances surrounding his confession, this Court holds that the State met its burden of showing that the petitioner voluntarily waived his *Miranda* rights and that his subsequent confession was voluntarily made.

## CONCLUSION

For the reasons stated above, respondent's motion for summary judgment is granted. Accordingly, the petition for a writ of habeas corpus is hereby dismissed.

IT IS SO ORDERED.