UNITED STATES, Appellee,

v.

Private E2 Steven S. McCAIG,
382–80–7851, United States
Army, Appellant.

ACMR 8903280.

U.S. Army Court of Military Review.

28 Feb. 1991.

Reconsideration Denied April 16, 1991.

For appellant: Captain Timothy P. Riley, JAGC, Captain James K. Lovejoy, JAGC (on brief).

For appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Kenneth H. Goetzke, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

The appellant was tried by a military judge sitting as a special court-martial at Schweinfurt, Federal Republic of Germany. He was charged with being absent without leave for seven days, larceny of a camera, and knowingly buying stolen property (the same camera that was the subject of the larceny charge) in violation of Articles 86, 121, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 921, and 934 (1982), respectively. Prior to his trial on the merits, he absented himself without authority and remained away for the duration of the trial. He was convicted, *in absentia*, of being absent without leave and knowingly buying stolen property. The convening authority approved the adjudged sentence of a bad-con-

duct discharge, confinement and forfeiture of $400.00 pay per month for six months, and reduction to the grade of Private E1.

■ Although the case was submitted "upon its merits," this Court specified issues[1] concerning the admissibility of the appellant's oral statement made to a military police investigator after the appellant had provided incriminating evidence to his military superiors without a proper rights advisement under Article 31(b), UCMJ, 10 U.S.C. § 831(b). We hold that the military judge erred to the appellant's prejudice by admitting oral statements made to the military police investigator.

The appellant was observed at a unit promotion ceremony taking pictures of the event with a Pentax camera that was similar to one recently stolen from another member of the company. The appellant was confronted by the acting first sergeant, and was instructed to provide proof of ownership for the camera. Although he was suspected of having stolen the camera, the appellant was not advised of his rights under Article 31(b). In response to the request for proof of ownership, the appellant presented the acting first sergeant with a unit inventory sheet used to account for high dollar items owned by soldiers living in the barracks. The inventory sheet reflected that the appellant owned a Canon rather than a Pentax camera. The circumstances of the confrontation over the camera show that furnishing the inventory sheet was a testimonial act. *See United States v. Lee,* 25 M.J. 457 (C.M.A.1988); *United States v. Kinane,* 1 M.J. 309, 310 n. 1 (C.M.A.1976).

Shortly after this confrontation, the appellant's platoon sergeant escorted him to Military Police Investigator McCrea's office. After being advised of his rights, the appellant told Investigator McCrea that he did not want to make a written statement because he "didn't want to perjure himself or get himself into any trouble at a later date." He then signed the waiver portion of the Department of Army Form 3881, Rights Warning Procedure/Waiver Certificate. When questioned by Investigator McCrea about the high-value item sheet that listed a Canon rather than a Pentax camera, the appellant replied, "I had to give them something trying to prove the camera was mine." He then admitted that he knowingly purchased the stolen Pentax camera.

At trial, defense counsel objected to the admissibility of the statements the appellant made to the acting first sergeant and Investigator McCrea. The military judge excluded statements, including testimonial acts, made to the acting first sergeant, but allowed Investigator McCrea to testify concerning his discussion with the appellant. The prosecution relied upon the oral statements made to the investigator to prove that the appellant wrongfully bought a camera knowing that it had been stolen. No other evidence was presented on these issues.

We need not determine whether the appellant's unwarned, incriminating testimonial act of providing proof of ownership to the acting first sergeant "presumptively tainted" his later oral statements. *See United States v. Steward,* 31 M.J. 259 (C.M.A.1990). The relevant inquiry is whether the subsequent statements were voluntarily made. To resolve this issue, the factfinder must examine the surrounding circumstances and the entire course of the government's conduct. *See id.; Oregon v. Elstad,* 470 U.S. 298, 318, 105 S.Ct. 1285, 1297–98, 84 L.Ed.2d 222 (1985).

---

1. I
WHETHER THE APPELLANT'S ORAL STATEMENT TO MPI McCREA WAS THE FRUIT OF AN UNWARNED TESTIMONIAL ACT, *I.E.,* THE APPELLANT PRESENTING THE ITEM SHEET TO THE ACTING FIRST SERGEANT.
II
WHETHER THE ARTICLE 31, UCMJ, RIGHTS ADVISEMENT THE APPELLANT

RECEIVED FROM MPI McCREA SUFFICIENTLY DISSIPATED OR ATTENUATED THE TAINT, IF ANY, OF THE LACK OF AN ARTICLE 31 WARNING BY THE ACTING FIRST SERGEANT.
III
WHETHER THE MILITARY JUDGE ERRED TO THE APPELLANT'S SUBSTANTIAL PREJUDICE BY ADMITTING INTO EVIDENCE MPI McCREA'S TESTIMONY CONCERNING THE APPELLANT'S ORAL STATEMENT.

■ The oral statements to Investigator McCrea were admissible "if the [g]overnment established that [they were] preceded by an Article 31(b) warning and [were] not the product of an earlier violation of Article 31(b)." *United States v. Spaulding*, 29 M.J. 156, 161 (C.M.A.1989). While we do not reach the "presumptive taint" issue, several factors may be examined in determining whether, under the totality of the circumstances, the oral statements made to Investigator McCrea were voluntary or were the product of a prior Article 31(b) violation. These considerations include: (a) the time lapse between questioning periods, *see United States v. Seay*, 1 M.J. 201, 204 (C.M.A.1975), *United States v. Alexander*, 18 M.J. 84, 87 (C.M.A.1984); (b) whether the accused was given renewed and adequate right warnings under Article 31(b); (c) whether the accused was questioned again by the individual who obtained the prior inadmissible statement, *Seay*, 1 M.J. at 204; (d) whether a "cleansing warning" was administered, *United States v. Phillips*, 32 M.J. 76 (C.M.A.1991), *United States v. Butner*, 15 M.J. 139 (C.M.A.1983), *Holleman v. Duckworth*, 700 F.2d 391, 396 (7th Cir.), *cert. denied*, 464 U.S. 834, 104 S.Ct. 116, 78 L.Ed.2d 116 (1983); (e) whether the questioner made bootstrapping references to or otherwise relied upon prior admissions in seeking a subsequent statement, *Seay*, 1 M.J. at 204, *Phillips*, 32 M.J. at 76; (f) whether the accused acknowledged that the prior admission did not influence the decision to incriminate himself again, *Seay*, 1 M.J. at 204; (g) whether the conditions that rendered the first statement inadmissible persisted through the later statements, *Holleman*, 700 F.2d at 396; and, (h) whether illegal, unethical conduct has caused an accused to "let the cat out of the bag," *Spaulding*, 29 M.J. at 161, *Holleman*, 700 F.2d at 396, and 3 Wigmore, Evidence 855a n. 1 (Chadbourn rev. 1970) and including cases cited therein.

In this case the acting first sergeant brought the inherent powers of his office to bear on the appellant, a suspect in the larceny of the camera, by requiring him to produce proof of ownership without giving him Article 31(b) warnings. The appellant returned with a high-value item inventory sheet that he was required to maintain in the unit. The appellant was immediately escorted to the military police station and the evidence was given to Investigator McCrea. Investigator McCrea used the inventory sheet to frame specific questions for the appellant. The appellant's responses to those questions proved that he knowingly purchased a stolen camera. Although Investigator McCrea properly warned the appellant of his Article 31(b) rights, this entire course of government conduct and all the surrounding circumstances cause us to question the voluntariness of the oral admissions the appellant made to Investigator McCrea. Thus, the government has failed to prove that the statements were made voluntarily. Mil.R. Evid. 304(e)(1); *see Phillips*, 32 M.J. at 76 (C.M.A.1991).

Accordingly, the finding of guilty as to Charge III and its Specification are set aside and those charges are dismissed. The remaining findings of guilty are affirmed. In accordance with *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), reassessing the sentence on the basis of the entire record, the court affirms only so much of the sentence as provides for confinement for fourteen days, forfeiture of $200.00 pay per month for one month, and reduction to the grade of Private E1.

Senior Judge NAUGHTON and Judge GRAVELLE concur.