14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 William David LAWRENCE, Petitioner-Appellant,
v.
Robert FARLEY,** et al., Respondents-Appellees.
 No. 92-2167.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 17, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 91 C 586; Allen Sharp, Chief Judge.
 
 
 1
 N.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 William David Lawrence was convicted in an Indiana state court of attempted murder and conspiracy to commit murder, and was sentenced to 30 years' imprisonment. Lawrence, proceeding pro se, appeals the district court's summary denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 4
 Lawrence first asserts that his written statement to the police, in which he confessed his participation in the attempted murder and conspiracy to commit murder, was unconstitutionally admitted against him at his state trial because the statement was involuntary. Lawrence asserts that his extreme intoxication establishes the involuntariness of his confession. The Supreme Court has held that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986). Lawrence has neither alleged nor shown coercive police conduct at the time of his confession. In the absence of such a showing, Lawrence's intoxication will not negate the voluntariness of his confession. United States v. Chrismon, 965 F.2d 1465, 1469 (7th Cir.1992); Smith v. Duckworth, 910 F.2d 1492, 1497 (7th Cir.1990). Therefore, Lawrence's voluntariness claim fails.[1]
 
 
 5
 Lawrence also argues that the evidence at his trial was insufficient to convict him of conspiracy to commit murder and attempted murder. In reviewing this claim, we view the evidence in the light most favorable to the prosecution and ask whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). We will not evaluate the witnesses' credibility or reweigh the evidence. United States v. Goines, 988 F.2d 750, 758 (7th Cir.) (citation omitted), cert. denied, 114 S.Ct. 241 (1993).
 
 
 6
 With respect to his conviction for conspiracy to commit murder, the prosecution introduced overwhelming evidence to establish Lawrence's guilt. Under Indiana law, "[a] person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony." Ind.Code Sec. 35-41-5-2(a). The state must prove "that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement." Ind.Code Sec. 35-41-5-2(b). At Lawrence's trial, the prosecution introduced the written police statement in which Lawrence admitted that he agreed with co-conspirator Benny Ray Coleman to murder Carl Moore and intended to murder Moore. Lawrence also admitted to entering Moore's house and shooting Moore in his bedroom. The confession was corroborated by the testimony of Thomas Damron that Coleman and Lawrence plotted to kill Moore; Coleman purchased the gun used to shoot Moore one month before the shooting; Coleman and Lawrence planned to kill Moore on at least two occasions before the shooting but were unsuccessful; and, on the night Moore was shot, Coleman and Lawrence traveled to Moore's house, and there "was a lot of shooting." Lawrence admitted on cross-examination that on the night of the shooting, he and Coleman went to Moore's house for the purpose of killing Moore.
 
 
 7
 The record also contains sufficient evidence to establish Lawrence's guilt for attempted murder. Under Indiana law, "[a] person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." Ind.Code Sec. 35-41-5-1(a). A person commits murder if he "[k]nowingly or intentionally kills another human being." Ind.Code Sec. 35-42-1-1(1). Although Lawrence testified at trial that Coleman shot Moore while Lawrence was standing in another room, Lawrence's written police statement expressly states that Lawrence pulled the trigger of the gun in Moore's bedroom. Therefore, Lawrence's sufficiency claim fails.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Robert Farley is substituted for his predecessor, Richard Clark, as Superintendent of the Indiana State Prison. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Lawrence also asserts that admission of his written statement violated the Sixth Amendment because his attorney was not present when he made the statement. This argument was not presented to the Indiana Supreme Court and thus raises the prospect that Lawrence's petition contains an unexhausted claim which requires dismissal of the entire petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). We need not address this issue, however, because the Sixth Amendment claim was not presented to the district court. Holleman v. Duckworth, 700 F.2d 391, 394 (7th Cir.), cert. denied, 464 U.S. 834 (1983). "It is a well-established general proposition that 'a litigant cannot present to this court as a ground for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide.' " Id. at 394-95 (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.), cert. denied, 434 U.S. 975 (1977)). Therefore, we will not consider this claim